OPINION of the Court, by
Judge Boyle.
— This was a bill in chancery for the specific execution of a contract for the conveyance of land. The bill suggests a doubt of the ability of the defendant to convey, not having a right in himself j and in case he should be unable to convey, prays for a decree for the value of the land. The answer of the defendant admits the contract, but alleges in avoidance that a part of the consideration was a bond upon a person who was insolvent. The decree of the circuit court was for the value of the land ; which was ascertained by the verdict of a jury.
To the proceedings in this case various objections are made.
1st. It is alleged, that 64 from the record it does not appear that the defendant was served with a copy of the bill on the execution of the subpoena.'1''
Without determining whether this objection, if made at the proper time, would have been valid, we can have no hesitation in deciding that after appearance and answer it is too late for the defendant to avail himself of any defect in the subpoena or its execution.
2dly. It is objected that the suit was improperly set for hearing, there having been no replication filed.”
It appears from the record, that after the defendant’s answer was filed, the complainant, at the rules in the clerk’s office, made an entry of replication, but that no formal replication was actually filed.
Formerly, much ceremony and great prolixity of pleading were used in bringing a suit in chancery to issue. If the defendant, by his plea or answer, offered any new matter in avoidance of the charges in the bill, *339 a. special replication was thought to be necessary ; to this succeeded the rejoinder of the defendant, by which he asserted the truth and sufficiency of his answer, and traversed every material part of the replication ; to the rejoinder the plaintiff might surrejoin ; to the surrejoin-der the defendant, in his turn, might rebut, and so on ; protracting the pleadings through a labyrinth of forms, calculated greatly to enhance the expense of the litigants, but not, in the slightest degree, conducive to the ends of justice. These idle, but expensive ceremonies have given way to a more rational and intelligible system of pleading. “ Special replications, with all their consequences, are now out of use, and the plaintiff is to be relieved according to the form of his bill, whatever new matters may have been introduced by the defendant’s plea or answer” — (See Barton’s Equ. 142, Mit. Plead. 256.)
'rhe error, if any, was to the prejudice of the heirs, the com-piainants, and cannot be taken advantage of by defendants as it v/as not to his prejudice.
On an ¡{Tueof facts directed by the chancellor, parol evidence may be given.
The finding will be prefum-ed to be correct,, uiiieis the record contains enough to ihew the contrary.
Matters fet up by way cf avoidance in an anfwer muft be proved. — Bull, N. P. 237 — . A-ivdtc)! VS. Azv-iUy^zVeril, 191 — Hampton vs. Spencer, a Vern. 288.
To a bill for-Specific performance, the de-fence fet up was that a part of the confederation given for the land was by. "bond on a per-lón who was infolvent — rhis defence muit be proved.
*339 By the bill on the or.e part, and the answer on the other, all the purposes of pleading are attained ; the parties are apprised of what is charged, admitted or denied, and how far it is incumbent upon each to support by proof his claim or defence. Nor can any further pleadings be necessary to enable the parties to avail themselves of the decree in the case as a bar to any subsequent suit or action for the same thing. For all the purposes, then, of substantial justice, no replication is necessary: it is but a mere ceremony, unattended with any practical effect. It is true, by the act of assembly, the defendant may, by giving a rule with the clerk at the proper time, exact a general replication ; but the defendant in this case not having done so, but having-gone on to trial on the merits, without excepting to any Irregularity in the progress of the cause, may well be considered as having waived his right to exacta reply.
But it is conceived that, after a hearing on the merits, the entry that was made with the clerk in this case, more especially as a replication is but an inefficient formality, ought to be considered as sufficient to supply the place of a formal reply.
The third error :s ir : loiiowmg words, to wit: “The court erred in decreeing the value of the land to be paid in money, without giving the defendant the liberty of complying with his contract, by making a . conveyance of the land in question.
*340 The privation of liberty, of which the defendant complains, was the just result of his not having shewn that he had a legal right to exercise it. If he had prefered the conveyance of the land to the payment of its value in money, it was incumbent on him to have shewn, by the exhibition of his title papers, that he had a legal right to convey’; and not having done so, the court acted correctly in decreeing the value of the land.
The fourth objection is, “ that the court erred in decreeing the money to be paid to Daniel M’llvoy, because, from the record, it no where appears that he was acting executor.”
It is stated in the bill, and not denied in the answer, that he was acting executor. Profert of the letters testamentary, was not necessary, and their production in evidence could only be required where the fact was put in issue by the pleadings. But if in this respect the decree was erroneous, the error operates to the disadvantage of the other complainants in the bill, and not to the injury of the defendant, who therefore has no right to complain.
5thly. It is objected “ that the jury had no proof of the value of the land.” •
Though no depositions were taken in the cause, it does not thence follow that there was no evidence as to the value of the land. The description of the tract, and the designation of the part of the county in which it was to lie, as given in the written contract, were circumstances from which the jury might infer the value of the land. Besides, on the trial of an issue of quantum damntftca-tus, or other issue of fact, directed by a court of chancery to be tried by a jury, viva voce testimony may be given, and the court must presume that the evidence was sufficient to warrant the finding of the jury, unless the contrary is made to appear by bill of exception on motion for a new trial, or otherwise — .See 3 Tuck. Black, 452, 2 Call. 374.
The sixth and last objection is, “that the court erred upon the merits in decreeing for the complainants.”
Had the defendant sustained by proof the defence which he set up, it would not have wholly defeated the claim of the complainants ; and the decree being for them, cannot in this respect be erroneous. If, however, the defendant (as it was unquestionably incumbent up *341 on him to do) had proven the new matter which he offered byway of defence, it would have diminished the amount the complainants would have been entitled to-, recover ; but not having proved it, the court did right in disregarding it. — —Decree affirmed.