Opinion of the Court.
THIS is a judgment in favor of the defendants in error, on a petition and summons. The first error assigned, alleges that the note set out in the petition did not warrant a judgment against the plaintiff in error. The objection to it, is, the note there recited appears not to have been executed by the plaintiff in error, but by entirely different persons. This assignment is correct, with regard to the first copy of the record produced in this court, on which a supersedeas was awarded ; but another transcript has been brought up by certiorari, awarded on motion of the defendants in this court, which proves this to be only a misprison of the *159 clerk, in making out the first record ; and the note set out in the petition now appears to be the note fit the plaintiff in error and another, against whom process was first awarded, and afterwards abated, on the return of the officer. This assignment, of course, falls to the ground.
The second error alleges that the jury were sworn to try the issue, when there was none in the cause. There is a plea of non est factum filed by the defendant below, against whom the cause progressed. This plea is informal, and does not conclude either to the country or with a verification ; but, in substance, it denies the execution of the note. The plea of non est factum ought to conclude to the country, as it is the general issue and negatives the whole action. But the want of such conclusion cannot avail the plaintiff in error; for the first omission is on his own side; and the want of a similiter on the part of the plaintiffs below, before trial, cannot, under our statutes of jeofails, he allowed as sufficient to reverse the judgment after verdict. There is, then, a substantial issue formed against the plaintiff in error ; and as the contrary is not shown, we are bound to presume that this finding was upon sufficient evidence.
This presumption answers the third assignment of error, which alleges, that one partner could not bind another, by writing under seal. It is true, the note appears to be signed by the plaintiff in error and another, as partners; but whether it was the plaintiff in error himself, or his partner, who did it, we are not told, except by the verdict. Admitting, then, the law to be, that one partner cannot bind the other, by such instrument, the presumption would be, from this record, that the defendants in error made competent proof that the plaintiff in error had executed the note and bound himself.
The judgment must, therefore, be affirmed with costs and damages.