### Owens v. Childress, et al.

(Decided November 26, 1920.)

### Appeal from Rockcastle Circuit Court.

1.    Husband and Wife—Wife's Separate Estate—Attacking Creditor.
    —Under Weissinger act 1894 (section 2127, Ky. Stats.), conferring on a married woman the right to hold all her real estate to

her separate use free from the debts of her husband, a creditor of a husband seeking to subject the property of the wife to the husband's debts, as having been acquired in fraud of his rights, must allege and prove the fraud, there being no longer any presumption that the husband is entitled to the money of which his wife is possessed during coverture.

2. Appeal and Error—Finding of Chancellor.—The chancellor's finding of fact will not be disturbed where the evidence creates only a doubt as to the truth of the matter, or where such finding is not against the preponderance of the evidence.

3. Appeal and Error—Review of Separate Judgments.—Where there are separate judgments in a transcript and the statement required by section 739 of the Civil Code names only one as being objected to and appealed from and states the page of the transcript on which it may be found this court will not review the other one, since it will be presumed that it has not been appealed from.

4. Appeal and Error—Evidence—Presumptions.—Where an appellant fails to bring to this court evidence which the record shows was heard below it will be presumed that such evidence authorized the judgment.

5. Appeal and Error—Jurisdiction.—A judgment or order discharging a rule, which was issued to require a litigant to pay money into court, can not be reviewed in this court where the amount of money involved is less than $200.00, since we have no jurisdiction to entertain the appeal, and this is true although the order was made in a case brought under the provisions of section 439 of the Civil Code in the nature of a bill of discovery and in which a conveyance of land is attacked because in fraud of creditors.

C. C. WILLIAMS for appellant.

L. W. BETHURUM for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In 1915 the appellant, Walker Owens, recovered a judgment against G. M. Childress and J. E. Bullock in the Rockcastle circuit court for the sum of $375.00, interest and cost. An execution issued on the judgment was returned "no property found" and this suit was instituted in the nature of a bill of discovery, under the provisions of section 439 of the Civil Code, and by it plaintiff sought to subject to the satisfaction of his debt a house and lot in Mt. Vernon, Kentucky, which had been conveyed to the defendant, Sallie A. Childress, wife of G. M. Childress, on April 13, 1918, by W. L. Richards and wife, upon the ground that the husband (appellee, G. M. Childress) had actually paid for the lot and he fraudulently procured the deed to be executed to his

wife for the purpose of defrauding his creditors. The answers filed put in issue the material averments of the petition, and upon final hearing, after proof taken by the respective parties, the court dismissed the petition, from which judgment plaintiff appeals. The only question before us touching the propriety of that judgment is one of fact, and it having been determined in favor of defendants by the chancellor who tried the case, we are not authorized under the well settled practice of this court to disturb his finding, unless it be against the preponderance of the evidence. Under that rule, even if there was a doubt as to the propriety of the judgment, it should be resolved in its favor. While not disputing the rule, it is earnestly insisted by counsel for plaintiff that the overwhelming preponderance of the evidence substantiates his client's contention as set forth in the petition. In support of this position counsel refers to Bigelow on Fraud, page 186; Wait on Fraudulent Conveyances, section 308, and a number of earlier cases from this court, including that of Sikking v. Fromm, 112 Ky. 773, asserting the general principle that, in a contest between creditors and the wife of a debtor, the presumption is against the wife and the burden is upon her to affirmatively show by clear and satisfactory evidence, not only that she paid for the property sought to be subjected, but that the payment was made with funds to which her husband was not entitled. The rule of practice contended for grew out of the common law right of the husband to appropriate to his own use the personal property of his wife by reducing it to possession, and it had a footing in this Commonwealth till the passage of what is commonly known as the Weissinger act of 1894, which is now section 2127 of the Kentucky Statutes. Up to that time this court, following the common law rule, held that the burden was upon the wife to show by clear and satisfactory evidence that the conveyance attacked was for a valuable consideration and paid for with her separate property. But, in the case of Guthrie v. Hill and wife, 138 Ky. 181, it was held that the Weissinger act changed the common law rule and that the burden which it cast upon the wife no longer prevailed in this jurisdiction. The language of the court in that opinion is: "Since the passage of the Weissinger act, however, no such presumption arises. By the express provision of that act a married woman now holds and owns all her

estate, to her separate and exclusive use, and free from the debts and control of her husband. Under this act the wife has the same right to own property and make money as has her husband. If a creditor seeks to subject her property to the payment of her husband's debts, on the ground that it was acquired in fraud of his rights, he must allege and prove facts showing such fraud. It is no longer necessary for the wife to allege affirmatively that the property which stands in her name is her separate property. The statute makes it so. All that the wife has to do is to deny the allegations of fraud. If the husband's creditor fails to show fraud he cannot subject her property to the husband's debts," and the opinion expressly overruled the Sikking case announcing a contrary view. The Guthrie case has been followed by those of Cogar v. National Bank of Lancaster, 151 Ky. 470; Sticks v. Calendar, 155 Ky. 806, and other subsequent ones. So that the presumption contended for in this case is no longer the law with us. The burden then was on the plaintiff, Owens, to show by sufficient evidence all the facts necessary to entitle him to the relief prayed for in his petition. The court held that he failed to discharge that burden, and after a careful reading of the record we are inclined to agree with the court, at least we are not prepared to say that his judgment was against the preponderance of the evidence.

Briefly, the undisputed facts, as appear from the record, are that defendants have been married some twenty-five years or more and at the time of the execution of the deed in question they had eight children, six of whom were infants and resided with their parents. The husband is a blacksmith and worked regularly at his trade, earning, when he could get work to do, about $3.50 per day. The wife's father, when she was married, gave to her a cow and hog or two which she appears to have cared for and with the increase she began to accumulate small amounts of money. She took boarders and did some washing for other people, and in these ways managed, with the strictest economy, to accumulate small pittances. About the time of the marriage or shortly thereafter, two small tracts of very poor land in the southern portion of Rockcastle county were purchased, one from her father and one from her husband's father, and the proof shows that these tracts were paid for by the savings of the wife, although the deeds, made much later, were executed to the husband, but he shortly

thereafter executed one conveying both tracts to his
wife. The combined consideration for both of the tracts
was $422.50. In the meantime Mrs. Childress sold small
quantities of timber and tan bark from the two tracts,
which amounted to some three or four hundred
dollars, and at the time of the deed attacked in this suit
she had orally agreed to sell the farm, consisting of
both tracts, for an entire consideration of $375.00, a por-
tion of which had been paid to her. It is true that, ac-
cording to the testimony, the wife in making one pay-
ment on the lot in Mt. Vernon borrowed from her hus-
band one hundred dollars, but it is shown by their testi-
mony and that of other witnesses that she afterwards re-
paid him that sum out of proceeds of the sale of the farm.
It furthermore appears from the testimony of disinter-
ested witnesses, as well as from that of the defendants,
that the husband seriously objected to his wife purchas-
ing the lot in Mt. Vernon and to her selling the farm,
since he was not satisfied to live in Mt. Vernon and pre-
ferred to reside upon the farm. But his wife's choice in
the matter prevailed and the Mt. Vernon lot was pur-
chased. We are unable to find any fact or circumstance
in the case of a doubtful or suspicious nature. The tes-
timony given by defendants is consistent with the other
proof in the case. The amounts involved in the transac-
tions are small and could easily be accumulated and
handled by the wife in the manner she describes. Ex-
perience and observation would convince us that the
husband would have great difficulty in accumulating any
substantial sum from his earnings of $3.50 per day over
and above the necessary expenses of his family, if indeed
he could meet them with his earnings. It is quite possi-
ble that defendants could have shown, had they chosen
to rely on that defense, that the payments made on the
Mt. Vernon lot, if with money belonging to the husband,
were exempt to him. No such defense was made, how-
ever, and we can not rest our opinion upon it, but we do
hold that the judgment upon the merits of the issue of
fraud alleged in the petition is sustained by the evi-
dence, and under the rule of practice, *supra,* prevailing
in this court we are not authorized to reverse it.

After the judgment dismissing the petition was
rendered plaintiff entered motion to require defendant,
G. M. Childress, to pay into court the sum of $150.00,
which it was claimed he had upon his person and other-
wise secreting from his creditors. The motion was sus-

tained and defendant was ordered to pay the money to the clerk of the court. He failed to do so and at the next term of the court a rule was issued against him to show cause why he had not complied with the court's order, and in his response to the rule he stated that he had spent the money which the court ordered him to pay before making of that order. Evidence was heard, and the court discharged the rule, and appellant now insists that we, on this appeal, review the court's ruling on that matter. We find ourselves unable to do this, however, for three reasons: (1) section 739 of the Civil Code requires an appellant to file with the transcript in this court a statement containing, among other things, the page of the record on which the judgment appealed from may be found. The statement in this case makes no reference to any order of the court concerning the matter now under consideration. (2) The order recites that the court heard evidence upon the trial of the response to the rule and none of that evidence is incorporated in the record. In such cases this court will presume that the evidence heard was sufficient to support the judgment or order complained of. Craft v. Davidson, 189 Ky. 378, and cases referred to. (3) If the above two objections were eliminated we would then be without jurisdiction to consider this matter, since the only amount involved is $150.00, with no statutory lien upon real estate involved. The effort to obtain an appropriation of the money sought to be reached by the rule ordered by the court has no connection with the lien attempted to be asserted on the lot in Mt. Vernon. The relief sought in the one case is wholly separate and distinct from that sought in the other, although each of them is involved in the same action. It, therefore, seems clear that we are without authority to review or consider this branch of the case.

Wherefore the judgment is affirmed.