# Burton v. Burton's Trustee. 429

---

## Burton, et al. v. Burton's Trustee and Others.

(Decided March 23, 1923.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. **Trusts—Benefit to Settlor of Trust for Her Life with Remainder to Children is Legal Consideration.**—The benefits accruing to the settlor of a trust, which gave personal property to a trust corporation to invest and pay the income for life to the settlor, with remainder to her two children, is both a legal and valuable consideration for the execution of the trust by her.

2. **Trusts—Injustice to After-Born Child of Settlor Held not to Entitle Her to Set Trust Aside.**—The settlor of a trust for the benefit of herself for life, with remainder to her two children, cannot have the trust set aside because of the injustice resulting therefrom to an after-born child, especially where the trust was admittedly made by her in contemplation of her second marriage, and presumably in contemplation of the future birth of other children.

3. **Trusts—Petition of Settlor Held not to Allege Facts Entitling Her to Set it Aside.**—A petition by the settlor of a trust of personal property, alleging that she executed it without due thought or consideration, in ignorance or her rights, without advice, and under the impression she had power to revoke it at any time she saw fit, but without alleging she did not know the terms of the instrument

or was mentally incapable of comprehending their meaning, and without alleging any fraud or mistake or undue influence by others, is insufficient to state facts entitling her to have the trust set aside.

4. Trusts—Execution of Trust Without Legal Advice, Which Could have Been Obtained, Does not entitle Settlor to Set it Aside.—The fact that the settlor of a trust executed the deed without legal advice as to its effect does not entitle her to set it aside, in the absence of any showing that she tried to obtain the advice of counsel, but, by some unavoidable casualty occurring to her or misconduct on the part of others, was prevented from doing so.

5. Trusts—Trust Containing no Power of Revocation Cannot be Revoked by Settlor.—A trust cannot, after its due execution and acceptance by the trustee, be revoked by the settlor, in the absence of any provision in the deed of trust reserving power of revocation, and the absence of such power of revocation from the deed does not entitle the settlor of the trust to avoid the deed.

6. Trusts—Beneficiary Held not Entitled to Set Aside Trust Deed on Ground She was Equitable Owner of Property Conveyed.—The life beneficiary under a deed of trust to real estate executed by the father of her first husband cannot have the deed set aside on the ground that she was the beneficial owner of the real property affected thereby, where it was undisputed that her father-in-law had paid the former owner full value for the property, and she had accepted the deed of trust for the purpose of approving its provisions, and had acquiesced therein for more than 20 years, receiving the benefit of the income therefrom under the terms of the deed.

7. Trusts—Heirs of Grantor are Necessary Parties to Suit to Set Aside Trust Deed.—In a suit by the life beneficiary under a deed of trust to set aside the deed, on the ground that she was the beneficial owner of the property affected thereby, though the title stood in the name of the grantor, the heirs at law of the deceased grantor are necessary parties.

BOLDRICK & GOCKE for appellants.

BURKE & LAWTON for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal is prosecuted by Edmonia T. Burton and Robert A. Burton, her husband, from a judgment of the Jefferson circuit court, chancery branch, first division, sustaining a general demurrer to the petition and each of the two paagraphs thereof as amended, and dismissing the action, wherein they were seeking the cancellation of two instruments of conveyance and the annulment of certain trusts thereby created, the nature of each of which will appear from the opinion. The action was one in equity. The appellants here were the only plaintiffs

in the court below and the defendants in that court were the Fidelity and Columbia Trust Company, trustee of Edmonia T. Burton, Lucy B. Russell, her husband G. C. Russell, Bessie Dew Martin, Robert A. Burton, Jr., an infant under fourteen years of age, and Robert A. Burton, statutory guardian of Robert A. Burton, Jr. The demurrer sustained to each of the two paragraphs of the petition as amended by the court below was filed by the Fidelity and Columbia Trust Company, trustee, Bessie Dew Martin, Lucy B. Russell and G. C. Russell, and these four are the only appellees on the appeal.

The appellant, Edmonia T. Burton, is a daughter and the only child of James W. Tate, at one time treasurer of this state, from which he departed many years ago for a foreign country, where he later died. The daughter has twice been married; first, to Alfred W. Martin, who died in 1896, and second to Robert A. Burton, her present husband. By the first marriage she had two children, Bessie Dew Martin, a resident of the state of New York, and Lucy B. Martin, now Lucy B. Russell, wife of G. C. Russell, both residents of Kentucky. Each of the daughters is over twenty-one years of age. By her second marriage Edmonia T. Burton has one child, a son, Robert A. Burton, Jr., now twelve years of age, of whom his father is statutory guardian.

The trust attacked and attempted to be set aside in paragraph 1 of the petition was created by Edmonia T. Burton, then Edmonia T. Martin, widow of Alfred W. Martin, shortly before, and in contemplation of, her marriage with her present husband, Robert A. Burton, by and through an instrument of writing styled a deed which she executed January 13, 1899, to the Fidelity Safety Vault and Trust Company of Louisville, now the appellee, Fidelity and Columbia Trust Company, conveying it as trustee certain personal property, consisting of money, life insurance policies of which she was the beneficial owner, and other securities, the whole aggregating in amount $11,000.00. The Fidelity and Columbia Trust Company in writing entered upon the instrument, formally accepted the trust imposed by its terms, at once qualified as trustee and took possession of the trust property. The instrument and acceptance were duly recorded in the office of the clerk of the Jefferson county court.

By the provisions of the above instrument of writing the title to the personal property therein described was conveyed the trustee therein named:

"To be held in trust upon the following terms: The income of all the property mentioned in said agreement, whether from the policies or other investments, to belong exclusively to Edmonia T. Martin, and, at her death, the principal is to belong to her children, Bessie Dew Martin and Lucy B. Martin; the object being to secure the income to said Edmonia T. Martin and the remainder interest to her children Bessie Dew Martin and Lucy B. Martin."

The trust attacked and sought to be set aside in paragraph two of the petition was created by a deed from Edmund H. Martin and Emily C. Martin, his wife, parents of Alfred W. Martin, deceased, Edmonia T. Burton's first husband, to the Fidelity Trust Company, now the appellee, Fidelity and Columbia Trust Company, executed June 18, 1901, conveying to the latter as trustee for Edmonia T. Burton and her children, Bessie Dew Martin and Lucy B. Martin, a house and lot in the city of Frankfort therein particularly described, which previously had been conveyed the grantor, Edmund H. Martin by a deed from Lucy H. Tate, later deceased, the mother of Edmonia T. Burton. After conferring upon the trustee authority to pay certain lien debts and taxes against the property, the cost of such repairs thereof as might be necessary and giving it a lien on the property for any sums it might advance for any of these purposes, until repaid from the income of the property, the deed further provides:

"Fourth: The remainder of said income from the property herein mentioned shall by the trustee be paid annually, semiannually or quarterly to Edmonia T. Burton, and at the death of the said Edmonia T. Burton said estate shall pass in fee simple to Bessie D. Martin and Lucy B. Martin, grandchildren of the parties of the first part, descendants of either of said children being entitled to the share the parent would have taken if living. In the event of the death of said Bessie D. Martin and Lucy B. Martin or either of them without descendants prior to the death of Edmonia T. Burton, then the said estate shall pass in fee simple to the survivor of them; and in the event of the death of both children, then the title shall pass to those persons who under the present statutes of descent in Kentucky would be entitled

to the same. Power is hereby vested in said second party and its successors to sell and convey said property, when in its discretion it may be advisable so to do, and reinvest the proceeds in other real or personal property to be held on the same trusts as the property herein before described is held. The purchaser of said property shall receive a valid title and shall not be required to look to the application of the proceeds.''

The above deed was duly recorded in the office of the clerk of the Franklin county court; but before this was done the trust created by it was accepted in writing by the trustee, which at once took possession and control of the trust estate. The marriage of Edmonia T. Burton with her present husband, Robert A. Burton, occurred shortly before the execution of this deed and it is shown by a written statement appearing thereon over their signatures below those of the grantors and grantee, that the deed was approved and its provisions accepted by each of them, before it was recorded. Robert A. Burton, Jr., the only child of their marriage, was born five years after the execution of this deed.

The grounds set up in the first paragraph of the petition, as amended, for the cancellation of the first deed of trust are: (1) That though executed voluntarily by the settlor, it was without consideration. (2) That it is void for want of a clause giving her power of revocation. (3) That it was executed in ignorance of her rights and without advice of counsel.

Respecting the question of consideration, it is sufficient to say that as the avowed object of the trust created by the deed was to secure to the settlor an income certain from the property conveyed during her life, and at the same time preserve the corpus of the estate to her two daughters and only children by her first husband, no other consideration, pecuniary or otherwise, moving to her was required to support the deed. In other words the benefits contemplated and which admittedly resulted to herself and daughters from the creation of the trust, constituted both a legal and valuable consideration for the execution of the deed by her. And in this connection it properly may be remarked that neither the averment of the petition nor argument of appellants' counsel that the trust in question, if allowed to stand, will result in injustice to her after-born child, the offspring of her second marriage, can add any force

to the appellant Edmonia T. Burton's right to the relief sought in the action, when it is considered that the deed creating the trust was admittedly made by her in contemplation of her second marriage and presumably in contemplation of the future birth of other children to her as a result thereof; and the further fact also is considered that the granting to her of the relief she seeks would result in the enforcement of no remedy in behalf of the child of her second marriage, for the prayer of her petition is that the deed of trust executed by her be cancelled, the trust revoked and she be adjudged the owner in fee, and restored to the possession of the property now held by the trustee.

Briefly summarized the material averments of the first paragraph of the petition as amended are substantially to the effect, that the deed creating the first trust was made by the appellant Edmonia T. Burton (then Edmonia T. Martin) "without due thought and consideration and in ignorance of her rights;" . . . and that "she believed it nothing more than a will which she might recall and revoke at any time; . . . that she was not advised about the effect of not retaining a power of revocation when she created this trust and was under the impression that she had such right." That she made the deed "at the urgent solicitation and request of Edmund H. Martin, the grandfather of the defendants Bessie Dew Martin and Lucy B. Russell, and it was not made understandingly and that she had no counsel . . . and believed she could revoke said trust at any time during her lifetime when she saw fit, . . . and did not discover that she could not revoke said trust until three years ago, and when her youngest daughter reached the age of twenty-one years," previous to which time both daughters were infants and could not contract.

It will be observed that though she alleges that in executing this deed of trust she acted without due thought or consideration, in ignorance of her rights, without advice and under the impression or belief that she had the power to revoke the trust at any time later she saw fit, the averments do not import, or even intimate, that the settlor did not know the purpose of the deed, direct its preparation and terms, or that she failed to read or have it read to her when completed; or that she did not comprehend or was mentally incapable of comprehending the meaning of its language. It will further be observed that neither fraud nor mistake is alleged in the prepara-

tion of the deed on the part of the draftsman or other person, either in the matter of inserting therein or omitting therefrom, any matter or provision intended or desired to be expressed in the instrument; nor is it alleged that she was misled into executing the deed by the concealment or misrepresentation by others of any fact or information affecting her rights. While it is alleged that the deed was executed at the solicitation and request of the father of the settlor's first husband, it is not intimated that he was unduly persistent in such solicitation, or that he resorted to any coercive, deceptive, or other improper means to obtain its execution by her. Indeed, it is not alleged that he had anything to do with the preparation of the deed or, even, was present when it was written or executed.

The claim of the appellants that the deed of trust was executed by Mrs. Burton in the absence of counsel and without legal advice, can be given little consideration in view of the failure of the petition to allege that she desired and tried to obtain the advice of counsel, but by some unavoidable casualty occurring to her, or misconduct on the part of others, was prevented from doing so. One who voluntarily acts in a matter of importance requiring the advice of counsel, without obtaining such advice, when, but for his or her own laches, it might have been procured, will not afterwards be permitted to avoid the transaction upon the ground that it was entered into in the absence and without the advice of counsel.

It, however, is the appellants' chief contention that the deed of trust may be avoided solely because of its failure to retain to the settlor the power to revoke the trust. It is not alleged in the petition that the retention of such power was intended by the parties to be expressed in the deed, or that there was at the time it was executed, or previously, any suggestion by the settlor or discussion between her and the other parties thereto, of her having or retaining the power to revoke the trust thereby created. It is admitted by the petition that the settlor was never advised by any one that she could exercise the power of revocation without retaining it in the deed, but alleged that she "believed" or was "under the impression" that she could do so. It remains to be seen whether the grounds or any of them relied on by the appellants for the cancellation of the deed and termination of the trust in question are such as the law will recognize as sufficient to that end. Looking first to what

has been declared by an eminent text writer as the law generally applicable to a trust like that here involved, we find it said in his admirable work, Perry on Trusts and Trustees, section 104, page 132:

"A trust once created and accepted without reservation of power can only be revoked by the full consent of all parties in interest; if any of the parties are not in being, or are not *sui juris*, it cannot be revoked at all. It is perfectly clear that where the settlor did not misapprehend the contents of the deed, and there was no fraud or undue influence, and no power of revocation was reserved, the settlor is bound, though some contingency was forgotten and unprovided for."

The law as thus stated in Perry on Trusts and Trustees was announced in almost similar language by this court in Beard, Jr. v. Beard, 173 Ky. 131, as follows:

"It is true, that the law pertaining to the creation of trusts in this jurisdiction is, that where the deed or other instrument, which creates the trust, is not revokable by the maker by its terms; is entered into understandingly by the parties, and its execution was not procured by undue influence nor tainted with fraud, it cannot be revoked by the maker of it without the consent of all the parties to it; neither can its terms be altered by the maker, except by the consent of the *cestui que trustent*."

In Coleman v. Fidelity Trust and Safety Vault Company, 28 R. 1263, in passing on the same question we, in part, said:

"Appellant executed to appellee a deed of trust conveying absolutely to the grantee all his property in trust, to be managed, controlled and applied by the trustee as follows: to pay to the grantor such part of the income and of the body of the estate for his use and support, as the trustee might deem proper, and to the best interest of the trust; then to pay over to appellants' devisees or heirs at law, after his death, such part of the trust estate as had not been consumed by him. The settlor reserved the right to dispose of the remainder of the trust property by will, failing which it was provided in the deed that it would pass under the statutes of descent and distribution then in force in Kentucky. Some time after the making and acceptance of the deed, and after the trustee had begun its execution, the settlor, becoming dissatisfied with the arrangement, brought this suit to set aside the deed on the ground that it was revokable

at his will, or at best was a dry trust which a court of equity would relieve him of on his application. *It is claimed that when he executed the deed that he did not fully comprehend what it meant. He does not, though, charge that he was deceived or misled in the matter, either by false statements or by the truth being withheld from him.* This is not a dry, but is an active trust. The settlor was not overreached. Nor is the instrument, which he voluntarily executed, oppresive or unreasonable. On the contrary, it seems that it was deemed then by him, and is deemed now by the chancellor below, in which we concur, that it was and yet is to the interest of the settlor that it be upheld. There is no reason to disturb it, nor do we find any warrant in law for doing so under the circumstances shown."

In Anderson v. Kemper, 116 Ky. 339, the action was one to set aside a deed executed by the plaintiff creating a trust mainly for his own benefit and also to set aside certain other instruments of writing affecting that trust that were later executed by his trustee with his consent. The grounds of attack were: (1) That the purpose of the trust had ceased, which permitted him to be reinvested with the title to the trust estate; (2) that the other instruments of writing referred to were executed as the result of fraud or mistake of the persons executing them. It was claimed in support of the first contention that the reason for the creation of the trust was that the settlor was then an inebriate and disposed to squander his property, to prevent which he by the deed referred to conveyed it to be held in trust for his benefit; but that as he had completely reformed and continued sober for twenty years the reason for the creation of the trust had ceased and it should be terminated. But adverting to this contention we held that as neither the original deed of trust, nor the subsequent writings effecting changes in it, had mentioned the fact referred to as the moving cause for creating the trust, and it had not been otherwise established in the record, we were not authorized to hold that the reason or necessity which caused the creation of the trust no longer existed.

With respect to the second contention in that case we in the opinion, said:

"Other grounds adverted to in argument, though not very clearly or specifically set forth in the pleadings, are fraud or mistake in the execution of the papers.

Of fraud there is no evidence. The evidence of mistake is too meagre to entitle it to any great consideration. At best it is the statement of appellant that he did not then understand the instruments. That he may not have foreseen everything that has come to pass relating to his support from this property is likely enough; but that he had sufficient mind to comprehend the probable workings, as well as the general effect, of the transaction, there can be but little doubt. It was not provided in any of these papers for the revocation of the trust either by the settlor or by the *cestu qui trust*. It is not claimed by appellant that such power of revocation was to exist, and that by oversight or mistake or otherwise it was omitted from the instruments as drafted. Indeed, the terms of the instruments themselves seem to contemplate that the arrangement would exist, in whatever event, during the lifetime of the settlor. The party who makes a voluntary deed, whether of real or personal estate, without reserving the power of altering or revoking it, has no right to disturb it, and as against himself it is valid and binding, both in equity and at law."

As bearing on the question of revocation the following quotation from the opinion in Middleton v. Shelby County Trust Company, 21 R. 183, seems to be peculiarly appropriate:

"It is maintained by her counsel that it (the trust) is void for want of a clause giving her power of revocation. There was one case cited—and there may be more —holding that the failure to insert such a clause in such a deed renders it invalid *per se*. Many cases have been cited on both sides giving every shade of opinion as to the effect of the failure to insert such a provision in a deed of trust. When boiled down, the reasonable doctrine gathered from them all is that 'the absence of the power of revocation is a circumstance to be taken into question, the importance of which is determined by the other circumstances of each case.' The necessity for its insertion in a deed, not impeached by any undue influence, depends upon whether or not the settlement made is of such a nature, or was made under such circumstances, as to be unreasonable and improvident, unless created with the power of revocation. In Keyes v. Carleton, 141 Mass. 45, 6 N E. 524, a married woman, for the purpose of putting her estate beyond the influence of her husband, conveyed it to a trustee for her benefit for life, and after her death to her children. She brought

suit upon her husband's death, to have the trust set aside, and the court refused her petition; the court, by Chief Justice Morton saying: 'The plaintiff, acting deliberately and under the advice of counsel, executed the deed of settlement, and there was no pretense of any fraud, collusion or undue influence. The deed contains no power of revocation, and it is clear that the power of revocation was intentionally omitted.' "

The burden is upon the appellants to allege, as it would be to prove after sufficiently alleging the facts, some legal ground for disturbing a trust of twenty years' standing, of which one of them was the voluntary creator; and we think it patent from the authorities, *supra,* that the grounds alleged by them in the first paragraph of the petition, as amended, for the revocation prayed of that trust are insufficient for that purpose, therefore that paragraph does not state a cause of action; hence we concur in the chancellor's ruling in sustaining the demurrer to it.

The deed of trust described and sought to be set aside in the second paragraph of the petition is, we think, also unassailable. It was executed by Edmund H. Martin and wife to the trustee for the purposes of the trust therein expressed. It is true the property it conveyed was previously conveyed Martin by Lucy Tate for a sufficient and valuable consideration admitted by the appellants. But the averments of the second paragraph of the petition that the appellant, Edmonia T. Burton, was the beneficial owner of this property, and Martin her agent in placing it in trust; and that she was the real settlor of the trust, is contradicted by the deed and her acceptance of its terms, and in the absence of fraud or mistake in its execution, which is not alleged, the recitals of the deed must control.

The appellant, Edmonia T. Burton, is a beneficiary under the trust to the extent of the income from the trust estate for life. She did not join in the deed for creating the trust, but accepted it for the purpose of approving its provisions; and in so doing admitted that she was in possession of certain jewelry bequeathed by her mother to her two daughters, which she was to return to the trustee in sixty days or pay for out of the income of the trust estate settled upon her by the deed.

In view of Edmund H. Martin's unquestioned acquisition, for a valuable consideration, of the title to the property in question by its purchase and conveyance from

Mrs. Tate, his conveyance of it in trust for the benefit of the appellant, Edmonia T. Burton, the former wife of his deceased son, and her children, his granddaughters, the conduct of the daughter-in-law in formally accepting that trust, acquiescing therein for more than ten years and during that time enjoying, as she is still doing, the income of the trust estate under the terms of the trust, is utterly inconsistent with her present claim that she was the actual settlor of the trust, and would seem to leave without legal or equitable support her alleged right to revoke the trust and be restored the possession of the trust estate. Certainly in order to have properly litigated and judicially determined such alleged right, the heirs at law of Edmund H. Martin deceased would be necessary parties; and only two of them, the granddaughters, are parties and they are not made so in that capacity

As in our opinion no legal cause has been shown for annuling this deed of trust, and it is like the first sustained by the authorities, *supra*, we find no error in the action of the chancellor in sustaining the demurrer to the second paragraph of the petition.

Wherefore the judgment is affirmed.