## Hardin's Committee et al. v. Shelman et al.

(Decided October 25, 1932.)

EUGENE R. ATTKISSON and PAUL BASHMAN for appellants.

MOORMAN, WALLS & BEARD, and WOODWARD, HAMILTON & HOBSON and R. F. PEAK for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Ola A. Hardin executed and delivered in Jefferson county, Ky., to Mark R. Harned, a deed creating a trust, involving about $20,000, in which he was designated as

trustee. Harned died, and in the fall of 1930, she returned to Breckinridge county, where she made her home.

On the 25th day of December, 1930, she executed and delivered to the Bank of Hardinsburg & Trust Company another deed, conveying to it as trustee all of her property, real, personal, and mixed, and empowered it to manage and control her property with right to "sell, assign, transfer and deliver any and all of it, and to invest and re-invest, in its discretion, in realty or personalty from time to time." The net income to be paid to her in quarterly installments, unless otherwise more frequently to pay it, was deemed best for her interest, with the further provision that, if the income should be "insufficient for her proper and necessary personal care, comfort, ultimate benefit and safety, then a sufficient part of the principal to be used to so maintain her as necessary, so long as the principal lasts." In the event of her death it was provided that, if any of the trust estate was left, such should pass absolutely to those persons who, "under the present statute of descent and distribution of Kentucky, would be her heirs at law."

The deed of trust was signed by one of the chief officers of the Hardinsburg Bank & Trust Company. It was, by Ola A. Hardin, signed, acknowledged, delivered to, and accepted by, the Hardinsburg Bank & Trust Company, and recorded in the proper office. On the 30th day of January, 1931, the Bank of Hardinsburg & Trust Company was placed in the hands of the State Banking Commissioner. On the 20th day of February, 1931, she filed a petition in the Breckinridge circuit court asking for the appointment of another trustee. An order was entered appointing and qualifying E. H. Shelman & Co. as trustee to carry out the deed of trust. It was soon discovered that E. H. Shelman & Co., a corporation, engaged in the business of banking, did not have the capital stock required by statutes to authorize it to act as trustee. At the time it was discovered that E. H. Shelman & Co. was not authorized to qualify and act as trustee, Ola A. Hardin had two nieces, Eva Alexander Gray and Allie Alexander, who were her only living potential heirs.

Eva Alexander Gray instituted this action in the Breckinridge circuit court for the purpose of obtaining

proper and sufficient orders for the appointment and qualification of a trustee under the deed of trust executed by Ola A. Hardin to the Hardinsburg Bank & Trust Company, averring that the office of trustee was vacant at that time. The Bank of Hardinsburg & Trust Company and W. J. Piggott, special deputy banking commissioner, then in charge of the Hardinsburg Bank & Trust Company, Allie Alexander, and George Gray were made defendants. The petition set out that Ola Hardin was a drug addict and that George Gray had charge and management of her property and that he had influenced her to make a will, giving to him her property, which will was revoked by the deed of trust; but that Gray was contending it was valid and in effect; that he, at that time, had certain of her property in his possession, and had caused her to transfer by check to him the money in the hands of the trustee, designated by the court, claiming that it was at her request. It was averred that unless prevented by the court he would obtain the possession and title to all of her property. The Bank of Hardinsburg & Trust Company, the banking commissioner for the State of Kentucky, and W. J. Piggott, special deputy banking commissioner, filed a joint answer, disclaiming any interest. George Gray filed an answer in which he traversed the allegations of the petition and affirmatively alleged that on the date of the last deed of trust, Ola A. Hardin was a person of unsound mind, and by reason thereof the deed of trust was not her act and deed, and void. He asserted no claim, interest, title, or right to any of her property, nor did he claim any relationship to her. Eva Alexander Gray caused notice to be executed on the defendants named in the petition, informing them that on July 29, 1931, before the circuit judge of the district, at the courthouse in Brandenburg, Ky., at 10:30 o'clock a. m., she would enter a motion for the appointment of a trustee in accordance with the prayer of her petition and for all necessary and proper orders for the purpose of carrying into effect the provisions of the trust deed. The Liberty Bank & Trust Company appeared and filed a special and general demurrer to her petition and tendered an intervening petition in which it charged that Ola A. Hardin was at that time, as well as at all times referred to in the petition, a resident of Jefferson county, Ky., and that on the 24th day of July, 1931, by an order of the criminal court of Jefferson county, Ky.,

after a trial and conviction by a jury, she was adjudged to be a person of unsound mind. Thereafter it was appointed and qualified as her committee. It averred that she was of unsound mind on the 25th day of December, 1930, the day she executed and delivered the deed of trust to the Hardinsburg Bank & Trust Company, and that she was induced through undue influence to execute it. It should be noted that the order of the Jefferson circuit court, filed as an exhibit, does not show that either sections 216aa-68, 216aa-69, 216aa-70, 216aa-72, 216aa-74, and 2155, Ky. Statutes, conferring jurisdiction in such cases, and requiring a trial by a jury, was complied with on the trial of Ola A. Hardin before appointing the Liberty Bank & Trust Company as her committee. No orders of the Jefferson circuit court are in the record showing those sections of the Statutes were observed by the court before the appointing of the committee. The court sustained the motion and granted the relief sought in the petition. E. H. Shelman was appointed and qualified as trustee. The Liberty Bank & Trust Company, as committee of Ola A. Hardin, and George Gray and Ola A. Hardin have appealed from the order appointing and qualifying Shelman as trustee, insisting that:

"(a) The petition, answer, counter-claim and cross-petition of the Liberty Bank & Trust Co., committee, raised the issue of fact as to the validity of the deed of trust relied upon, and though uncontroverted, the court decided the case and appointed a trustee, when that was the object of the action, and the whole gist of it. (b) The deed of trust relied upon was invalid. There was no delivery of the property referred to * * * donor was unable to make delivery and had executed a previous trust instrument to Mark R. Harned, trustee, who then had, and whose administrator now has the said property. (c) The supplemental record should not be considered as it contains pleadings and orders filed after the decision and granting of any appeal by the court."

It is recited in the orders of the court that "all parties were present and participated in the trial," and that "after hearing all parties" the action was submitted and the motion for the appointment of a trustee was taken under advisement. Then the order appealed

from was prepared by counsel and signed by the presiding judge.

Section 126, Civil Code of Practice, provides that every material allegation of the pleading must, for the purpose of the action, be taken as true, unless specifically traversed, excepting allegations against defendant under disability; allegations of the answer seeking to recover against a new party; allegations against a defendant constructively summoned; and allegations concerning value or amount of damage.

Section 127 is in these words:

"A material allegation is one which is necessary for the statement or support of a cause of action or defense."

These Code provisions may be waived. Louisville & N. R. R. Co. v. Tuggle's Adm'r, 151 Ky. 409, 152 S. W. 270.

The parties, their counsel, and the court having so tried and the court so determined the case, after such hearing, it is considered by this court that in so doing they treated the answers and counterclaim of the Liberty Bank & Trust Company and of George Gray and Ola A. Hardin as controverted. It is too late to complain here for the first time because no replies were filed. Reading v. Ford's Heirs, 1 Bibb, 338; Porter v. Martin, 1 Litt. 158; Newby v. Million, 15 Ky. Law Rep. 63. The language of the orders of the court sufficiently shows that evidence was introduced by the parties and considered by the court. It justifies, the presumption that evidence was heard authorizing the orders. Dills v. Auxier, 85 S. W. 743, 27 Ky. Law Rep. 531. It is a recognized rule that, where on the trial of an action or motion, oral testimony is heard, and an appeal is brought to this court and the record contains no transcript of the oral testimony and no bill of exceptions was prepared, this court cannot pass on the merits, but must presume that the evidence justified the decision. Dalton v. Dalton, 146 Ky. 18, 141 S. W. 371; Davis v. Stone, 172 Ky. 696, 189 S. W. 937; Wolfe v. Bailey, 184 Ky. 481, 212 S. W. 579; Louisville & N. R. R. Co. v. Brown, 186 Ky. 435, 217 S. W. 686; Owens v. Childress, 189 Ky. 679, 225 S. W. 487; Fidelity Oil Corp. v. Southern Oil & Pipe Line Co., 197 Ky. 676, 247 S. W. 950; Clark v. Burchett, 204 Ky. 153, 263 S. W. 746; Williams

v. Fauson, 214 Ky. 75, 282 S. W. 780; Johns Run Coal Co. v. Little Fork Coal Co., 223 Ky. 230, 3 S. W. (2d) 623. The answer of George Gray sets forth no fact showing an interest in, or right to, the property embraced in the trust deed. In open court he consented to the surrender of certain property of Ola A. Hardin, of which he then had possession. We are unable to conceive how he has been prejudiced by the order of the court from which he appeals. It is likewise true that, if the sections of the Statutes, supra, were not complied with on the trial of Ola A. Hardin on the charge of imbecility or lunacy, and in the appointment of the Liberty Bank & Trust Company as committee, its appointment and qualification were invalid, and it is not prejudiced by the order from which it appeals.

The appellants argue that no delivery of the trust property was made by Ola A. Hardin to the Hardinsburg Bank & Trust Company, and, therefore, the trust thereby created is invalid. To sustain this contention they cite and rely on Reynolds v. Thompson, 161 Ky. 772, 171 S. W. 379, and later cases along the same line. The argument presented and the cases cited to sustain it are not applicable in the present case. The principles enunciated in the cases cited, and for which the appellants contend, are applicable to, and control, gifts inter vivos or gifts of personalty, asserted in virtue of a voluntary parol trust. The deed of trust divests absolutely the grantor, Ola A. Hardin, of title to the property described in it, and the itemized list attached thereto, and vests it, irrevocably and unconditionally, in the vendee as trustee in trust for the uses and purposes accurately set forth in the deed. The legal consequence of the deed was to operate as a complete divestiture of her title to the property so conveyed and to vest it in the grantee. In the deed is a provision declaring that the trustee therein designated accepted the trust. After it was accepted by the grantee it was placed on record. Nothing more was required to be done by either the vendor or the vendee to effectuate and complete the trust therein created. The benefits accruing to the grantor from the deed which vested title of the personal property, with authority in, and imposing the duty during her life on, the trustee to invest and pay the income to her, the remainder after her death to her heirs at law, constitute a consideration for the execution of the deed by her. Burton v. Burton's Trustee, 198 Ky. 429,

248 S. W. 1031. The trust deed having so vested title in the trustee, no actual delivery and surrender to it of the personal property conveyed by the deed was necessary or required. Lee v. Belknap, 163 Ky. 418, 173 S. W. 1129; Beard v. Beard, 173 Ky. 131, 190 S. W. 703, Ann. Cas. 1918C, 832; Burton v. Burton's Trustee, 198 Ky. 429, 248 S. W. 1031; Shortridge v. Shortridge, 207 Ky. 790, 270 S. W. 47; Hunt v. McCloud, 231 Ky. 801, 22 S. W. (2d) 285; Underhill v. U. S. Trust Co., 227 Ky. 444, 13 S. W. (2d) 502. After the order of the court was entered from which this appeal was taken, special and general demurrers were filed by Eva Alexander Gray and E. H. Shelman, trustee for Ola A. Hardin, to the answers and counterclaims of George Gray and the Liberty Bank & Trust Company. Also replies thereto were filed by them. These pleadings and the orders of the court entered subsequent to the order appealed from are brought here by supplemental record. It is not necessary to consider this supplemental record to dispose of this case. It is apparent that it is our view that the errors presented in brief of appellants do not warrant a reversal. Other questions which might be raised on the record, but not presented in brief of appellants, are considered as waived.

Judgment affirmed.