## Luttrell et al. v. Turner.

March 16, 1948.

Rehearing denied April 30, 1948.

Barney W. Baker for appellants.

B. P. Wootton and Don Ward for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellee was plaintiff below; Annis Luttrell and her husband defendants appeal from a judgment cancelling a trust deed executed by Sally Ann Turner and her husband (appellee) in June 1941, to appellant, their daughter. The property described in the deed consisted of two tracts which together comprised about 30 acres. The deed in question was based on the following consideration: "It is understood that second party shall have the right to sell and convey any portion of said property for the benefit of said first parties in provid-

ing for them and their needs during their lifetime, but any sale made for any of the property must be approved by either of said first parties so long as either one is living. It is further provided if there is any of said property left at the time of the death of both parties, then the second party shall divide the remaining property both personal and real among the heirs of the first parties. It is further stipulated that in the event of death of the second party then the title shall revert back to the parties of the first part, if either of them should be living at such time.''

The land conveyed lies near the City of Hazard, apparently available for building lots. At the time the deed was made the grantors had six living children (appellant being one), one of whom has since died. The record shows also that title was in Sally Ann Turner, who died intestate shortly after the execution of the deed.

In July 1946 appellee filed petition in equity reciting some of the facts above noted. He set out the terms and conditions of the deed made to his daughter, and the consideration upon which the conveyance was founded, and alleges that the defendants had refused for some time past to convey any of the property for his use, or to provide funds upon which he could live, and had refused to convey the property to his children in equal parts, but keeping the property for her own use and to deprive him and her brothers and sisters of their interest in the ''estate of the plaintiff.'' His prayer was for cancellation of the deed and an order directing defendants to convey the described land to him, and upon refusal to direct the master commissioner to convey.

Defendants demurred specially to the petition on the ground that it showed on its face that it was for the benefit of all the heirs of Sally Ann Turner, and none are made parties except Annis Luttrell. Without waiving they answered, admitting the conveyance, but denying all other allegations, asserting affirmatively that defendant Annis Luttrell ''has faithfully kept and observed all the conditions set out in said deed, and intends to keep and perform them as provided therein in the future so long as said deed is in force and effect.'' Reply in denial joined issue.

It is hardly necessary to detail the proof to any extent. Appellee went into details as to the execution and reasons for the execution of the trust deed. He admitted one sale of property to his son Floyd for $1,500, of which he received all but $623, which was paid to appellant to discharge a mortgage. He was uncertain as to other sales. About a year after the deed was made Mrs. Turner died and appellee went to live with the appellant. After about seven months a controversy arose which led to sharp words between the two. He says he was driven away; she says he left because she refused his demand to reconvey all the property to him. It may be suggested at this point that there was nothing contained in the deed to require the daughter to support the father, nor is there claim of any contract to that effect.

Mrs. Luttrell testified admitting acceptance of the trust deed. She said she had up to the time of suit complied with its conditions, and stood ready and willing to convey portions at any time it appeared to be necessary. She was of the opinion that the father had been faring very well. She had never taken control of any of the property; the father had the use of the home place; there were three or four buildings on other parts, which rented for about $45 per month, all paid to the father.

She testified as to the conveyance to the son, and her receipt of part of the purchase price discharging her mortgage debt. She had conveyed another lot in 1944 (after the disagreement) for $877, to be paid at the rate of $100 per month; another sale for $125, another in 1943 for $200 down payment, balance not shown. There were other sales, the sale price not being shown. Mrs. Luttrell said the father had received all the proceeds, except her mortgage debt, and had remained in her home for about a year without appreciable contribution by him. She said that when the misunderstanding arose, her father was intoxicated, and that the demand refused was for conveyance of remaining property. Summing up, she estimated that she; the father joining in deeds, had conveyed about $2,000 worth of property, and the rentals amounted to about $500 per year. It developed during the trial that in January 1945, prior to the suit, four of the six children had conveyed to the father their undivided interests in the property deeded to Mrs. Lut-

trell. This was not signed by one son, nor by appellant. This fact was not mentioned in the petition.

The chancellor in his judgment recited the execution and conditions of the trust deed, and held that appellant had failed to carry out its provisions in respect of sales for support, directed cancellation, and decided an issue not raised by the pleadings in holding that by reason of the conveyance by the four children to him, Mr. Turner was the owner of an undivided two-thirds of the real estate, and by curtesy the owner of one-third, which under the law was only ownership for his life.

Appellant's brief touches rather lightly on the merits of the case, that is to whether under the proof appellee made a case which justified cancellation or revocation of the trust. She pitches her right to reversal on technical grounds to a great extent, contending that the deed manifests an irrevocable trust; since, where land is conveyed for the benefit of a grantor for life with remainder in heirs, the trust will not be defeated on the grounds that the trustee has failed to discharge the trust. Anderson v. Kemper, 116 Ky. 339, 76 S. W. 122, cited with approval in Fidelity & Columbia Trust Co. v. Williams, 268 Ky. 671, 105 S. W. 2d 814.

Another argument is that the special demurrer should have been sustained because the heirs of Mrs. Turner were not made parties. At the time of the suit one of the sons had not signed the deed, and the deceased father had a child living, and the ages of the other heirs are given, ranging from 46 to 50, hence possibility of future heirs of the grantors. We are of the opinion that the heirs should have been made parties, particularly those who had not signed the deed aforementioned. Burton v. Burton's Trustee, 198 Ky. 429, 248 S. W. 1031, citing Middleton v. Shelby County Trust Co., 21 Ky. Law Rep. 183, 51 S. W. 156, both cases being authority for holding the trust here created to be irrevocable, this ground being the subject of a general demurrer.

It seems to us that appellee did not pursue the proper course if he was of the belief that the trust had been violated. The general rule is that a breach of duty by the trustee is a breach of a correlative right of a

beneficiary and gives rise to a cause of action in the beneficiary which may be enforced in an appropriate proceeding against the trustee. 54 Am. Jur. "Trusts" Secs. 570-3.

On the whole case we are of the opinion that the court should have sustained the special demurrer, and if not then the general demurrer should have been sustained. We also are of the opinion that the proof offered by appellee was not sufficient to justify the cancellation of the deed.

Judgment reversed and cause remanded for proceedings consistent with this opinion.