## BLACK et al. v. TACKETT et al.

Court of Appeals of Kentucky.

March 16, 1951.

E. Poe Harris, Ashland, for appellants.

Thomas E. Nickel, Greenup, for appellees.

CLAY, Commissioner.

This is a dispute over the right to the use of church property. The Chancellor adjudged appellees, as members of the Indian Run Pentecostal Church of Greenup County, were entitled to possession and control of such property; and enjoined appellants from setting up or claiming ownership or the right to its possession.

Prior to 1944 a voluntary group had created a religious organization. In 1944 it was proposed that a new church house be built, and thereupon the necessary land was purchased. The deeds were made to three persons as trustees, "for the use and benefit of the Indian Run Pentecostal Church." Thereafter the church was erected, and the organization functioned in that name.

In September 1948 appellants, who had apparently become converts to the tenets of the "Church of God," assembled themselves together to affiliate themselves with, and to change the name of their church to the "Church of God." They thereupon undertook to take possession of the church house and to exclude appellees therefrom.

It is not clear from the evidence in the case as to who are at present the proper trustees of the original church. Nor it is clear as to whether or not appellants constitute a majority of its members. Such facts are immaterial insofar as this controversy is concerned.

There was substantial evidence that the doctrines of the "Church of God" are unlike those of the Indian Run Pentecostal Church, and that it is a different denomination. There is quite a controversy in the record over this question, but the proof justified a finding by the Chancellor that they were not the same churches. Under such circumstances, the courts will protect those persons belonging to the original organization from the attempt on the part of others to divert the church property to a use fundamentally different from that for which it was first dedicated. As said in Parker v. Harper, 295 Ky. 686, at page 689, 175 S.W.2d 361, at page 363: "By the great weight of authority, the courts will exercise their powers to protect a minority in a congregational or self-governing body of church members, however regular the action or procedure may be, against a diversion of the property of the church to another denomination or to a group supporting doctrines radically and fundamentally opposed to the characteristic doctrines of the society or body or disavowing such tenets and practices even though the property is not subject to an express trust. * * * This court has held that the title to the property of a divided congregation is in

that part of it which is acting in harmony with its own fundamental laws."

See also Clay v. Crawford, 298 Ky. 654, 183 S.W.2d 797, and cases cited therein.

Since the church property involved was dedicated to the Indian Run Pentecostal Church, and since appellees represent that denomination as it was originally constituted and its tenets established, they were properly granted relief to protect the church from those who would change it into a different organization.

The judgment is affirmed.