HALL et al. v. DESKINS et al.

Court of Appeals of Kentucky.
Oct. 31, 1952.

them in the use of it, and ordered the appellants to remove the lock which they had put on the church door.

The evidence discloses that on July 17, 1942, Marjorie Phillips, now deceased, conveyed to Garrett A. Deskins, W. B. Gannon and Monroe Murphy, as trustees, a small tract of land located on John's Creek in Pike County, Kentucky. The deed contains the following provision:

> "In case that second parties cease to use this property for church purposes, it is to go back to the party of the first part, with all the improvements thereon. This property shall not be used for any other purpose other than the Christian Church."

Shortly after the conveyance the church was erected on the land. At the time of the institution of this suit the membership consisted of only about thirty-five persons and no regular preacher has ever been employed. J. B. Deskins, one of the appellees in this action, who is also an elder of the church, preached occasionally and other persons were invited to hold services there.

The present controversy arose when Garrett Deskins and Monroe Murphy, who are two of the trustees of the church, in concert with certain other members of the congregation invited a preacher by the name of Roy Hall to hold services in it, but J. B. Deskins, custodian of the one key to the church, refused to surrender it for the purpose of permitting Roy Hall to preach. Upon advice of counsel, the pro-Hall group proceeded to remove the lock from the door of the church and substituted one of their own.

The evidence discloses that the beliefs and doctrines of the Church of Christ, followed by appellants, are unlike those of the Christian Church, as followed by appellees; that the former is a separate and distinct denomination from the latter; and that the teachings of Roy Hall as a minister of the Church of Christ are materially different from the teachings of the Christian Church. The major points of difference are that the appellees, as members of the Christian Church, favor instrumental music in the church, the support of missionary organizations, the ac-

Stratton & Stratton, Pikeville, for appellants.

Wine & Venters, Pikeville, for appellees.

MILLIKEN, Justice.

This case concerns the use of church property after a schism has occurred among the members of the congregation. The chancellor adjudged that the appellees were entitled to possession and control of the property, that the appellants be permanently enjoined from interfering with

tivity of women in churches, and the use of literature in Sunday School, while the appellants, as members of the Church of Christ, or "antis" as they are often called, are vigorously opposed to such practices. In Parker v. Harper, 295 Ky. 686, 175 S. W.2d 361, we recognized that there was a substantial doctrinal difference between the two denominations involved in this case.

It appears from the evidence in the case at bar that a great majority of the members of the church now favor the beliefs and doctrines of the Church of Christ, but this is not the determining factor where property has been dedicated for the use of a particular faith. In Martin v. Kentucky Christian Conference, Inc., 255 Ky. 322, 73 S.W.2d 849, 851, this court said:

"Where a donor has dedicated property to advance or disseminate a particular religious doctrine or faith, and conflicting claims arise as to its ownership or possession, the civil courts will determine which of the rival claimants are holding to the faith the donor desired to favor, and award the property to them."

██ Inasmuch as the church property involved was dedicated to advance and disseminate the doctrines of the Christian Church and since appellees represent that denomination as originally constituted and follow its tenets, as opposed to the religious views of the appellants, the appellees are the ones entitled to the use of the church property. Title to the property of a divided congregation is in that part which is acting in harmony with its own fundamental laws. Black v. Tackett, Ky., 237 S.W.2d 855; Parker v. Harper, 295 Ky. 686, 175 S.W. 2d 361; First Presbyterian Church of Louisville v. Wilson, 14 Bush 252, 77 Ky. 252.

The appellants have raised two technical questions and contend (1) that the allegations of the appellants' answer and counterclaim are undenied, and (2) that the transcript of evidence was not authenticated by a bill of exceptions.

██ It is true that no reply was filed, but a failure to traverse the affirmative allegations of a pleading may be waived in an equity case by proceeding to trial as if issue had been properly joined. At the trial the litigants and chancellor went to the merits of the controversy as if issue had been properly joined, and it is too late to complain here that no reply was filed. Furthermore, when oral testimony is heard in an equity case, a bill of exceptions must be prepared, filed and approved in the same manner as required in common law cases. It was necessary for the appellants to file a proper bill of exceptions, Civil Code of Practice § 337, and they cannot profit by its absence. See Caskey v. Tyson, Ky., 239 S.W.2d 452; Deaton v. Morris, 308 Ky. 754, 215 S.W.2d 854; Hardin's Committee v. Shelman, 245 Ky. 508, 53 S.W.2d 923; Short v. Robinson, 280 Ky. 707, 134 S.W.2d 594.

The judgment is affirmed.