## LUTTRELL et al. v. POTTS et al.

Court of Appeals of Kentucky.

Jan. 16, 1953.

Rehearing Denied May 22, 1953.

Montgomery & Montgomery, Liberty, for appellants.

L. C. Lawrence, Jamestown, Vernon Shuffett, Greensburg, for appellees.

WADDILL, Commissioner.

The right to the use and occupancy of a church in Casey County is in dispute. The court resolved the issue in favor of the appellees, as trustees of the Patterson Chapel Church of Christ, against the contentions of the appellants, as members and officers of the Patterson Chapel Christian Church.

The evidence disclosed that during the early part of the year 1935, The Reverend Sterling Burton, a Minister of the Church of Christ, held a series of religious meetings in the Patterson Chapel Community of Casey County in an old storehouse near the present location of the church property now in controversy. Apparently as a result of these meetings it was decided by Reverend Burton and by others who attended those services to acquire some land and to erect a new church building. To accomplish this purpose, three trustees were appointed, whether by Reverend Burton or by the group of persons in attendance at those meetings, is not clear; however, it is certain that the persons appointed were W. M. Potts, Elvin Luttrell, and Loren Lawson.

Thereafter and on March 1, 1935, H. O. Patterson and his wife, for the stated consideration of $1, conveyed to W. M. Potts, Elvin Luttrell, and Loren Lawson, "as trustees of the Church of Christ" a small tract of land in Casey County, the deed containing this provision:

"Said land is to be used for the benefit of the Church of Christ and shall not be used for any other purpose. If the second party fail to build house on said land within three years, said land goes back to grantors."

Following the acquisition of this land, it appears that numerous persons in the

community of Patterson Chapel, irrespective of their religious belief or affiliation, contributed money, labor and materials toward the construction of a new church building.

After the church building was erected upon this land a dedicatory service was held in the new building. An invitation was extended to Reverend E. T. Nicholas, then Pastor of the Christian Church at Liberty, Kentucky, to deliver the sermon.

Reverend Burton testified that when Reverend Nicholas arrived at the church and saw "Church of Christ" inscribed on the door of the church that Reverend Nicholas said: "I would much rather that was 'Christian Church' over that door," but that they went into the church and dedicated it as a "Church of Christ."

The evidence is conflicting as to whether or not the majority of the church officers and members of the congregation were affiliated with the Christian Church or with the Church of Christ. However, the testimony does reveal that the church building was used for religious services by both groups in peace and harmony until the Reverend L. C. Young, a pastor of the Christian Church at Dunnville, held a revival meeting there in 1947.

During this meeting a news item appeared in the Casey County newspaper about the meeting being held at Patterson Chapel Christian Church. Following this meeting several members of the Christian Church took the glass from the church door and changed the inscription thereon from " * * * Church of Christ" to " * * Christian Church." Esther Turner testified that she was present when Orlando Rodgers and Elvin Luttrell changed the inscription on the church door and that Rodgers said: "I am going to have 'Christian Church' put on the glass, if they throw me out."

We are informed by appellees' brief that the "news article" and the changing of the "name over the church door" were the "sparks that ignited and set off the present controversy."

This Court has held that where a donor has dedicated property to advance or disseminate a particular religious doctrine or faith, and conflicting claims arise as to its ownership or possession, the civil courts will determine which of the rival claimants are holding to the faith the donor desired to favor and will award the property to them. Hall v. Deskins, Ky., 252 S.W.2d 417; Parker v. Harper, 295 Ky. 686, 175 S.W.2d 361; Wallace v. Hughes, 131 Ky. 445, 115 S.W. 684.

 We think the language of the deed impressed the property with a specific trust. Therefore, the decisive question confronting the Court is whether appellants or appellees represent the doctrine of the denomination or sect to which the property belongs.

The Chancellor decided the issue in appellees' favor. After a review of the evidence adduced we have no doubt that the judgment rendered was correct.

Wherefore, the judgment is affirmed.