**Gwendolyn MAYNARD et al., Trustees, etc., Appellants,**

v.

**A. J. HEADEN et al., Appellees.**

Court of Appeals of Kentucky.

April 22, 1960.

Charles E. Lowe, Pikeville, for appellants.

E. D. Stephenson, Pikeville, for appellees.

MOREMEN, Judge.

This case involves a dispute between members of a congregation who attended services at a small church at the mouth of Slaters Branch on Tug River in Pike County. The appellants, who style themselves "trustees for the Church of Christ of Slaters Branch," were opposed to the use of instrumental music in the church and other activities of the church, and brought this suit in an attempt to prohibit them. A determination of the controversy will involve the construction of a deed to the ground upon which the church itself was built. Again we are faced with the problem of differentiating between those who worship under the designation of Church of Christ and those who accept the tenets of the Christian Church, which is sometimes designated as the Church of Christ.

For some time prior to 1937 some members of this congregation had worshipped at a church located at the mouth of Hurricane Creek. In the year of 1937, a group of people met at Slaters Branch schoolhouse for the purpose of establishing a church, and we presume from time to time met and worshipped at that place until the year of 1947, when the Slater family deeded to the church a tract of land upon which the present church house was built. The original deed is not in the record. We have been furnished only a typewritten copy of it which is of little value to us in determining whether the charge that there had been an erasure in the deed is true. However, the opening paragraph of the deed of conveyance reads as follows:

"This deed of conveyance is made and entered into this 5th day of April 1947, between Virgie Slater, James Ben Slater & Eunice Slater, wife, parties of the first part, and the Slater Branch Church of Christ, parties of the second part * * *."

In the answer and counterclaim, as amended, appellees alleged that the original deed had read "The Slater Branch Church of Christ, commonly called the Christian Church."

The circuit court was also called upon to decide whether this religious group had ever established any custom as to the use of instrumental music in the church.

The circuit court held that there had been an erasure of that part of the deed which identified the Church of Christ as being "commonly called the Christian Church," and further held that at the time the church was built on the land under the deed from the Slaters the group had no fixed policy as to instrumental music.

On this appeal it is urged that: (1) It was firmly established by the proof that the original group was opposed to instrumental music; (2) even a majority of the members of a congregation cannot change the prin-

ciples, practices and teachings for which the church was originally formed; and (3) appellants, even though a smaller group, are entitled to the ownership or the right of possession to the church property.

We agree with appellants that in a congregational church the majority rules on most questions which are presented to it, but even a large majority in a divided congregation cannot change the fundamental tenets or laws of a church. In Black v. Tackett, Ky., 237 S.W.2d 855, deeds were made to three persons as trustees "for the use and benefit of the Indian Run Pentecostal Church." The church was erected and functioned in that name. Some four years later appellants who became converts to the tenets of the "Church of God" assembled to affiliate with, and change the name of their church to the "Church of God" and proceeded to take possession of the church house and to exclude appellees therefrom. Proof justified a finding by the chancellor that they were not the same churches. The court held that under such circumstances it will protect those persons belonging to the original organization from an attempt on the part of others to divert the church property to a use fundamentally different from that for which it was first dedicated, and title to property of a divided congregation is in that part of it which is acting in harmony with its own fundamental laws. To the same effect are Parker v. Harper, 295 Ky. 686, 175 S.W.2d 361, and Hall v. Deskins, Ky., 252 S.W.2d 417.

However, the decisive point in this case concerns the determination of whether the original group, and the group which built the church on the property conveyed to them, were at that time dedicated to advance and disseminate the doctrines of the Church of Christ sometimes known as the Christian Church as distinguished from another group known simply as Church of Christ.

We think the chancellor was correct in determining under the facts in this case that the original group was devoted to the doctrines of the Church of Christ commonly known as the Christian Church and he based his finding upon sufficient evidence.

The deed of 1947 was delivered to and accepted by George D. Runyon who was minister of the church at that time. He did not lodge it for record until 1949, and competent proof was introduced to show that during the interim the words, "commonly known as the Christian Church" were erased. The proof shows that during the Hurricane Creek days the place of worship had borne the legend, "Christian Church." The record abounds with proof that this group had always accepted the tenets of the Christian Church. It is true that some of the evidence shows that a few members of the church had always opposed instrumental music, but we find nothing which supports appellants' contention that at any time the majority was opposed to it; in fact, it is plain that this young and relatively poor church, in a financial sense, had heretofore no occasion to be concerned with such musical instruments as are usually used by churches, due to the fact that they had no money to devote to such a purpose.

We are convinced that the installation of a piano in the church at Slaters Branch was not in violation of the religious beliefs of the Church of Christ, commonly known as the Christian Church, and whose dogma has always been accepted by the majority of the members of the church located at Slaters Branch.

The judgment is therefore affirmed.