**WHITLEY CITY CHURCH OF CHRIST,**
etc., et al., Appellants,

v.

**WHITLEY CITY CHRISTIAN CHURCH,**
etc., et al., Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1963.

Sutton & Martin, Corbin, for appellants.

Smith & Blackburn, Somerset, for appellees.

CLAY, Commissioner.

This suit was brought on behalf of the members of the Whitley City "Church of Christ" against those representing the Whitley City "Christian Church" to recover $14,000 which had been paid by the Commonwealth to the latter when its property was condemned. The Chancellor denied the relief sought.

About 1937 the Whitley City "Church of Christ" was organized, and occupied a church building which had been constructed by the members. Approximately 10 years later about one-fourth of the membership withdrew and organized a separate church in the community. They took with them the name of the church, and subsequently the name of the original church was changed to "Christian Church". Those who withdrew are members of a class who prosecute this action. Their claim in substance is they represent the original church and when the property of the original church was condemned, they were entitled to the proceeds.

The issue is whether the original church has remained substantially the same with respect to religious doctrines and observances or whether those whom the appellants represent took the church with them when they moved out. While there is some conflict in the evidence on this

question, the findings of the trial court are amply supported. Those findings, which the Chancellor incorporated in an excellent opinion, are to the effect that there has been no substantial change in religious practices which would have resulted in a forfeiture of the exclusive use of the original church property by the present members. There is some controversy with respect to the change of name but the past history of churches of this kind indicates the name is not of material significance. The fact that appellants withdrew from the church without substantial dissension, and their long delay in asserting any rights of ownership, strongly fortifies the conclusion that appellants left the church rather than the other way around.

This controversy is very similar to the one we considered in Rife v. Fleming, Ky., 339 S.W.2d 650, and the decision in that case is controlling here.

The judgment is affirmed.