George **CANTRELL** et al., Appellants,

v.

Hiram **ANDERSON** et al., Appellees.

Court of Appeals of Kentucky.

Feb. 12, 1965.

T. L. Hibbits, Pikeville, Glyn R. Phillips, Clintwood, Va., Robert T. Winston, Jr., Norton, Va., J. Ervin Sanders, Sanders & Redwine, Pikeville, for appellants.

Francis Dale Burke, Pikeville, for appellees.

CLAY, Commissioner.

This is a controversy over the right to the use of church property. It was initiated by a minority group against a majority group on the ground that the latter had departed from fundamental doctrines of the original church. The trial court so found and adjudged that the plaintiff appellees were the owners and entitled to the possession of the property.

In 1947 eight or ten persons organized the Hylton Church of the Old Regular Baptists of Jesus Christ. In 1948 one of the defendant appellants conveyed real estate to the Church, which deed provided:

> "This property to be used exclusively for Old Regular Baptist Worship or whatever might be done by order of the Church."

The Hylton Church joined a "Union Association", but it was congregational in character and not subject to control by the Association. In 1962 the Church left the "Union Association" and joined the "Bethel Association". Both Associations subscribe to the same "Articles of Faith" but one of the other churches in the "Bethel Association" had fallen into disfavor with the "Union Association" because of a dispute about certain Baptist beliefs.

The Article of Faith about which this controversy revolves provides as follows:

"We believe that sinners are called, converted, regenerated and sanctified by the Holy Spirit and all who are so regenerated and born again by the Spirit of God shall never fall finally away."

It appears that in the interpretation of this Article a difference of opinion developed as to whether (1) prayer was of benefit to sinners, (2) preaching was a benefit to sinners, and (3) a believer is a child of God during travail.

■ The parties agree that when there is a schism in a congregational church, the group adhering to the fundamental doctrines of the church as advocated and practiced at the time of its organization is entitled to possession of it as against those who have departed or deviated from such fundamental doctrines. Fleming v. Rife, Ky., 328 S.W.2d 151.

■ Appellants contend that they have not departed from the fundamental doctrines of the Church, principally because the differences of opinion relate to matters about which the congregation had no fixed beliefs and matters of interpretation and application of the doctrine which appears in the quoted Article of Faith. However, there was substantial evidence that one of the leaders of the majority group was preaching theories (accepted by appellants) which were contrary to certain understandings, beliefs and interpretations that constituted fundamental doctrines of the Old Regular Baptists. The court found there was a substantial and fundamental departure from these doctrines. Without reciting the evidence, it was amply sufficient to sustain the court's basic findings.

■ The court also found in effect that at the time of the organization of the Church the majority of its members had fixed beliefs on the questions at issue, and appellants contend such finding was not supported by the evidence. Assuming they are correct in this contention, the finding was unnecessary to the decision. The issue concerned the fundamental doctrines of the Old Regular Baptist churches, not the individual beliefs or lack of beliefs of the individual members. See Maynard v. Headen, Ky., 334 S.W.2d 930.

■ Appellants further contend that the provision in the deed with respect to use of the property did not create a specific trust. It seems clear that the intention was to restrict the use of the property to Old Regular Baptist worship as long as it was held by the Church, with a right of the Church to dispose of it so that there would be no reversion.

We find no merit in appellants' contention that appellees had no right to sue.

The judgment is affirmed.