Frank VOGLER, Individually, or d/b/a Ken-
Apex Oil Company, etc., et al.,
Appellants,

v.

SALEM PRIMITIVE BAPTIST CHURCH
et al., Appellees.

Court of Appeals of Kentucky.

May 12, 1967.

W. D. Bratcher, Greenville, Benjamin C. Cubbage, Jr., Henderson, for appellants.

Thomas B. Spain, Mills, Spain & Mitchell, Madisonville, for appellees.

MONTGOMERY, Judge.

This controversy concerns the ownership of a cemetery and vacant church lot. It was sparked by the competing interests under two oil and gas leases. It is to be decided on the question of whether the founding congregation, originally known as the Regular Baptist Church "on/at Flat Creek," believed in absolute predestination or limited predestination. The Chancellor found in favor of those believing in limited predestination.

The rule in such cases was stated in Fleming v. Rife, Ky., 328 S.W.2d 151:

"It is settled in this state that where there is a schism in a congregational church, the majority group are entitled to exclusive use of the church property, unless they have departed from the fundamental doctrines of the church as advocated and practiced at the time of its organization; and in the event they have so departed, then the group adhering to such doctrines is entitled to the premises. Parker v. Harper, 295 Ky. 686, 175 S.W.2d 361; Bunnell v. Creacy, Ky., 266 S.W.2d 98. In such cases the determining question is which faction of the church is adhering to its fundamental doctrines."

See also Whitley City Church of Christ v. Whitley City Christian Church, Ky., 373 S.W.2d 423; Cantrell v. Anderson, Ky., 390 S.W.2d 176.

The Flat Creek Church was organized prior to 1824. It acquired title to the lands in question in 1824 and 1872. The church building "disappeared" about twenty years ago, but the cemetery has continued in use. The last services in the church were held between 1930 and 1940.

Appellee Salem Primitive Baptist Church claims title as the successor to the original church under a merger in 1957. C. B. Ames, d/b/a Ames Oil and Gas, claims under a lease from the Salem Church. Appellants claim under a lease executed by three trustees appointed by the Hopkins County Court "for the purpose of managing and caring for said Cemetery." In the lower court Mona Florence McGregor and Paul C. McGregor intervened and claimed title as a member and a trustee, respectively, of the Regular Baptist Church of Flat Creek. The McGregors represented the "absolute or unlimited predestination" element of the church. They are not parties to this appeal.

The contest now is essentially between appellee Salem Church, found by the Chancellor to be the successor and representative of the "limited predestation" founding group, and the claimant under the lease granted by the trustees appointed by the county court.

■ The Chancellor found that the founders believed in "limited predestination"; that a schism occurred in the church around the turn of the century; that the predecessors of the intervenors, who believed in "absolute or unlimited predestination," expelled the predecessors of the group which merged with the Salem Church; and that the expelled members continued to hold separate services in the same church until they moved their meeting place to Morton's Gap, about one and one-half miles away. It was found that the "Articles of Faith" of the old church, as originally founded, were continued as the "Articles of Faith" of the group merged into the Salem Church. Without detailing the evidence, it has been examined and is found to support the findings of the Chancellor. Minutes of the church records were placed in evidence.

As the matter now stands, appellants, claiming under the lease from the trustees appointed by the county court to manage and care for the cemetery, maintain that the evidence is insufficient to sustain the judgment; there was no proof of merger; appellees are barred by laches, and were barred by the expulsion; the county court lease is valid; and the intervenors had acquired title by adverse possession.

■ Obviously the appellants do not claim title from the intervenors and, therefore, cannot assert title in the intervenors by adverse possession. The intervenors in the lower court denied appellants' title and did not appeal from the court's denial of their claim of title. Further, the contentions of adverse possession and laches are not based on any pleading. Such defenses are affirmative and must be set forth by pleading and in numbered paragraphs; otherwise, they are waived. CR 8.03, 10.02. Tornello v. Deligiannis Bros., 7 Cir., 180 F.2d 553. Appellants are in no position to assert either contention.

■ As to the failure to prove merger, a witness who was present at the meeting testified to it and offered to present the church record if requested. No such request was made. Appellants attacked this proof on the ground that the witness' testimony was not the best evidence. Here, the witness was testifying concerning the proof of the fact of merger and not as to the contents of a writing. It was unnecessary to prove the record in view of the oral testimony. See Catlin v. Justice, 288 Ky. 270, 156 S.W.2d 107.

■ In contending that the evidence is insufficient to sustain the judgment, appellants rely on the line of cases holding that the burden is on the party seeking to have title quieted to establish ownership and possession by record title or adverse possession. While the rule may not have complete application here because of the peculiar facts, it affords guidance. None of the parties to this appeal asked specifically to have title quieted, but, in substance, each of them asserted title: appellees by their complaint and appellants by a counterclaim.

■ The rule in such case is that the plaintiff, appellees here, must succeed on the strength of his title. KRS 411.120. Letcher County Coal & Implement Company v. Marlowe, Ky., 398 S.W.2d 870; Aluminum Company of America v. Frazer, Ky., 328 S.W.2d 142. The Chancellor decided that by reason of the merger and by reason of the schism rule, as previously discussed, the Salem Church had title. It was unnecessary for appellees to prove possession where appellants by counterclaim asserted title, since in such case the requisite proof of possession is waived. Kephart v. Rucker, Ky., 379 S.W.2d 244. The rule also is that a defendant, such as appel-

lants, in such an action is not entitled to affirmative relief under a counterclaim when he fails to show title in himself although the burden is on the plaintiff, appellees here, to establish his title as a condition precedent to recovery. Simpson v. Howard, 201 Ky. 153, 256 S.W. 21; Hunt v. Cassity, 297 Ky. 716, 181 S.W.2d 248. Appellants' contention as to the insufficiency of the evidence fails.

Here, the only right claimed by appellants is by virtue of the lease executed by trustees appointed by the county court under authority of KRS 273.130. The statute is based on the premise that a religious society holding land has dissolved.

The Chancellor, in effect, found that the original religious society had not been dissolved but had continued and merged into the Salem Church; hence, the appointment of the trustees was not authorized and the lease executed by them was void.

Finally, appellants claim that the expulsion of the minority group from the church deprived them of title. This contention is at odds with the rule already quoted and appears to rest on a misconstruction of it. The last portion of the quoted rule contains the key: which faction of a congregational church adheres to the original tenets upon which the church was organized? It matters not whether it is the majority or minority faction so long as it adheres to the original tenets. The rule is for the protection of those who so believe even though, as often happens, some stranger enters the church and persuades a majority of the congregation to believe other than the original tenets. This is the source of trouble in most of the church dispute cases. A careful reading of the many cases supports this view. In this instance the expelled members were the predecessors of the group which merged with the Salem Church, and under the rule retained title to the church property.

Judgment affirmed.

All concur.