RENDERED:  JULY 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0331-MR

DMITRIY ZILBERMAN AND JULIA
ZILBERMAN                                                                APPELLANTS


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 12-CI-002590


H.W. LOCHNER, INC.; DAVID ORR;
AND KEITH MCDONALD                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, LAMBERT, AND L. THOMPSON, JUDGES.

LAMBERT, JUDGE:  Dmitriy Zilberman and Julia Zilberman (the Zilbermans)

have appealed from the summary judgment of the Jefferson Circuit Court finding

that defendant H.W. Lochner, Inc. (Lochner), was protected by qualified official

immunity and under the disclosed agency doctrine from their claims related to the

potential purchase of a right-of-way easement for the Kentucky Transportation

Cabinet.  We affirm.

This case has previously been before the Court of Appeals, also an

appeal from the entry of a summary judgment, and we shall rely upon the factual

and procedural background as set forth in that opinion:

> On May 9, 2012, the Zilbermans filed a complaint in the Jefferson Circuit Court against Lochner and the Commonwealth of Kentucky, Transportation Cabinet. The complaint alleged improper and negligent acts surrounding negotiations between the Cabinet, Lochner (who acted as agent for the Cabinet in the negotiations), and the Zilbermans for the purchase of an easement upon the Zilbermans' real property located in eastern Jefferson County. The easement was being acquired in conjunction with the construction of a bridge over the Ohio River located east of Louisville (referred to as "East End Bridge"). In September 2011, after appraising the Zilbermans' property and making an offer that was rejected by the Zilbermans, the Commonwealth withdrew its offer. Shortly thereafter, the Commonwealth downsized the project for the East End Bridge. In January 2012, the Zilbermans were notified that their property was no longer needed for the bridge construction project. This lawsuit followed in Jefferson Circuit Court. Lochner and the Transportation Cabinet each filed separate answers.
>
> In January 2015, the Transportation Cabinet filed a motion to dismiss based upon the doctrine of sovereign immunity. By summary judgment entered June 3, 2015, the circuit court dismissed all claims against the Commonwealth. The circuit court specifically concluded that the Zilbermans' "claim that there is a 'taking' is not supported by the record and fails as a matter of law; . . . [the Zilbermans'] claim for bad faith and violations of

statutes are barred by sovereign immunity" as to the Commonwealth. June 3, 2015, order at 11. The circuit court included complete Kentucky Rules of Civil Procedure (CR) 54.02 language, but no appeal was taken.

On June 26, 2015, Lochner filed a motion for summary judgment, and the circuit court granted the motion by order entered December 22, 2015. Therein, the circuit court determined that Lochner was entitled to qualified official immunity, holding that all acts of Lochner in the negotiation process on behalf of the Cabinet were discretionary and performed in good faith. The court further concluded that no "taking" had occurred in this case.

*Zilberman v. H.W. Lochner, Inc.*, No. 2016-CA-000108-MR, 2018 WL 1358025,

at *1 (Ky. App. Mar. 16, 2018).

This Court then analyzed the issue before it – whether summary

judgment was proper – as follows:

The Zilbermans contend that the circuit court erred by granting summary judgment to Lochner upon the basis of qualified official immunity. In particular, the Zilbermans allege that qualified official immunity is an affirmative defense that must be specifically pleaded in the answer to the Complaint. The Zilbermans argue that Lochner failed to affirmatively plead qualified official immunity in its answer; consequently, the defense was waived.

In Kentucky, the law is well-settled that qualified official immunity constitutes an affirmative defense under CR 8.03 that must be specifically pleaded. *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2011); *Jerauld ex rel. Robinson v. Kroger*, 353 S.W.3d 636 (Ky. App. 2011). An affirmative defense must ordinarily be set forth in a pleading (as opposed to a motion) and must be stated so

-3-

as to give fair notice of the defense asserted. *Vogler v. Salem Primitive Baptist*, 415 S.W.2d 72 (Ky. 1967). And, the failure to do so constitutes waiver of the affirmative defense. *Id.*

In its December 22, 2015, order, the circuit court concluded that qualified official immunity was not an affirmative defense:

> [The Zilbermans] argue that, since Lochner did not specifically plead the affirmative defense of "qualified official immunity," said affirmative defense is waived. CR 8.03 provides, pertinently:
>
>> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. . . .
>
> As is evident from the above discussion of sovereign immunity, governmental immunity and qualified official immunity, it was not necessary for Lochner to affirmatively plead such "immunity" as an "affirmative defense." Likewise, "qualified official immunity immunity" [sic] is not one of the enumerated "affirmative defenses"

CR 8.03 requires to be pleaded. Thus, [the Zilbermans'] argument is without merit.

December 22, 2015, order at 14.

Based upon our review of the record and applicable law, we believe the circuit court committed an error of law by concluding that qualified official immunity was not an affirmative defense that must be affirmatively pleaded pursuant to CR 8.03. To the contrary, qualified official immunity is an affirmative defense that must be [pled]. *Robinson*, 353 S.W.3d at 639. However, Lochner maintains that official qualified immunity was affirmatively set forth in its answer, which reads as follows:

> 25. Lochner affirmatively states and alleges that the claims of [the Zilbermans'] herein are barred by applicable statutes, limitations and immunity.

Lochner Answer at 4.

From the above, Lochner clearly did not specifically allege the defense of qualified official immunity in its answer. Rather, Lochner generally alleged certain defenses and stated entitlement to "immunity" presumably as an affirmative defense under CR 8.03. In such instances we believe the circuit court must examine the general language contained in the answer and determine whether Lochner gave sufficiently fair notice to preserve the affirmative defense. *Cf. Sheffer v. Chromalloy Mining*, 578 S.W.2d 594 (Ky. App. 1979). In this case, the circuit court failed to address this issue below. As the circuit court failed to address and determine whether Lochner gave fair notice of the affirmative defense of qualified official immunity, we vacate and remand for the circuit court to make such determination. If the circuit court determines the defense

-5-

was not sufficiently pleaded, the defense shall be waived and the case shall proceed accordingly.

We deem any other contentions of error as moot at this time.

*Zilberman*, 2018 WL 1358025, at *1-3 (footnotes omitted).

Once the matter returned to the circuit court, the Zilbermans refiled their motion for leave to file a first amended complaint on June 5, 2019, against Lochner and two Transportation Cabinet employees, David Orr and Keith McDonald.[1] Lochner objected to the motion, noting that the Zilbermans had not raised any different factual allegations and that the court had already found that their claims lacked merit. The court granted the motion by order entered August 7, 2019, noting that Lochner did not have standing to make any arguments on behalf of Orr and McDonald, as they were employees of the Transportation Cabinet, and that governmental immunity and statute of limitations defenses must be affirmatively raised in an answer.[2] Lochner filed an answer to the first amended complaint, and it specifically pled that the Zilbermans' claims against it were

---

[1] The record reflects that the Zilbermans moved to file the first amended complaint on July 1, 2015, and tendered the identical amended complaint with the motion.

[2] In August 2019, Orr and McDonald moved to be dismissed from the Zilbermans' action on statute of limitations and immunity grounds. The Zilbermans objected, and the circuit court denied the motion by order entered November 13, 2019, holding that the claims (other than the federal constitutional claims) against Orr and McDonald related back and were timely filed, and that genuine issues of material fact remained as to whether they were entitled to immunity. This ruling is not presently before the Court.

barred by the doctrines of qualified official immunity and disclosed agency, among other defenses.

On December 31, 2019, Lochner filed a renewed motion for summary judgment, again seeking dismissal of all claims against it for several reasons. It argued that: 1) its first answer gave the Zilbermans sufficiently fair notice to preserve their intent to rely upon the defense of qualified official immunity; 2) any defect in the original answer was rendered moot by its answer to the superseding first amended complaint, which specifically pled qualified official immunity as a defense; 3) it could not be liable based upon the disclosed agency doctrine as its alleged actions were taken within the scope of authority of the Transportation Cabinet; 4) because there was no taking, there was no legal basis for a civil right of recovery under Section 2 of the Kentucky Constitution; 5) the real estate statutes relied upon by the Zilbermans applied to individuals, not corporate entities; 6) the Zilbermans' alleged injuries were not the direct and proximate result of licensure or non-licensure as Kentucky Revised Statutes (KRS) 446.070 required; and 7) KRS 446.070 was not applicable to alleged violations of federal statutes or rules. Lochner first addressed the fair notice issue pursuant to this Court's direction on remand, arguing that the Zilbermans knew from the beginning that the Cabinet and Lochner were both pleading immunity defenses and responded to this issue in their pleadings.

In their response, the Zilbermans addressed Ms. Taylor's dislike of Mr. Zilberman and that she had been acting in a ministerial role. They also addressed that Lochner, in its first answer, argued that it was entitled to the full scope of sovereign immunity, not qualified official immunity, meaning that Lochner had waived this defense. They also argued that properly pleading this affirmative defense in the answer to the first amended complaint did not render its prior waiver moot. The Zilbermans went on to address their real estate licensing, bad faith, and constitutional claims. They asserted that, because disputed issues of fact remained for a trier of fact to decide and Lochner was not entitled to immunity, the motion should be denied.

In reply, Lochner argued that the Zilbermans had not presented any affirmative evidence of any actionable wrong, breach of legal duty, any incurred legal damages, or a factual or causal nexus between any damages and the alleged act of bad faith by Lochner. Furthermore, the Zilbermans did not attempt to address whether they had sufficiently fair notice of Lochner's qualified immunity defense but rather argued that it was waived as not specifically pled. Nor did they address the disclosed agency doctrine defense.

By order entered February 4, 2020, the circuit court granted Lochner's motion for summary judgment. It concluded that Lochner adequately pled the defense of qualified official immunity in its answer to the original complaint and

-8-

that, therefore, this affirmative defense was preserved and not waived. It also concluded that, "[the Zilbermans] had fair notice of the defense [and] suffered no prejudice from the wording of Lochner's initial pleading. Additionally, [the Zilbermans] were afforded and made full use of the opportunity to rebut the defense prior to this [c]ourt's determination of summary judgment." The court then held that the proper pleading of the qualified official immunity issue was rendered moot due to the filing of the first amended complaint and Lochner's answer, which specifically pled this defense. The first amended complaint superseded the original complaint as the Zilbermans did not adopt the original complaint by reference in the first amended complaint. The court went on to hold that Lochner was entitled to qualified official immunity, found in a footnote that Ms. Taylor's actions did not arise to the level of bad faith, and found no merit in the Zilbermans' statutory or constitutional claims.

Finally, the circuit court addressed Lochner's disclosed agency doctrine defense, stating that "it appears that Lochner is immune from all liability to [the Zilbermans] under the disclosed agency doctrine[,]" citing to *Pannell v. Shannon*, 425 S.W.3d 58 (Ky. 2014). The court agreed with Lochner that its actions were taken as the agent of the Transportation Cabinet and were authorized and/or ratified by that Cabinet. Because the record reflected that Lochner's actions were authorized by the Transportation Cabinet and were taken within the scope of

its disclosed agency, the court concluded that Lochner could not be held liable for actions it took on behalf of the Transportation Cabinet as there was no evidence that the actions were improper or in bad faith. Therefore, it ruled that Lochner was entitled to summary judgment because it was protected by the doctrines of both qualified official immunity and disclosed agency. This appeal now follows.

On appeal, the Zilbermans raise three issues, specifically listing these issues on the first page of their brief as follows:

1) In ruling on the Motion for Summary Judgment filed by [Lochner], did the trial court err in determining that Lochner had pled the affirmative defense of qualified official immunity with the requisite specificity to be entitled to immunity from suit or was said defense waived by its failure to do so?

2) If said affirmative defense was waived, can a previously-waived defense be revived simply by filing a responsive pleading to an Amended Complaint?

3) Does KRS 324.010, *et seq.* allow a private entity to receive a fee for acting as an agent for another entity to acquire interests in real estate without a license or did Lochner violate said statute and 23 [Code of Federal Regulations] § 710.201?

These are the same issues the Zilbermans listed in their prehearing statement.

In its brief, Lochner argues that the issues the Zilbermans address in their brief are moot as they did not contest or preserve the other independent grounds for summary judgment ruled upon by the circuit court. Specifically, the circuit court concluded that Lochner was entitled to a judgment as a matter of law

-10-

based upon both qualified official immunity as well as the doctrine of disclosed agency. It addressed the application of the disclosed agency doctrine on pages 18 and 19 of its order before concluding that this doctrine also barred the Zilbermans' claims against Lochner. The Supreme Court of Kentucky described this doctrine as follows:

> And it is the universal law of agency that when an agent acts with authority in a transaction with a third party, and the third party is aware of the agency, the transaction is between the principal and the third party. *See Restatement (Third) Of Agency* § 6.01 (2006). In such circumstances, the agent is not liable. *Id.* The agent of a business entity (or any agent, for that matter) can be personally liable only when he or she purports to be an agent but actually acts without authority. When that happens, responsibility for the transaction falls back to the agent and does not bind the principal.

*Pannell*, 425 S.W.3d at 81.

The Zilbermans did not address the doctrine of disclosed agency in their initial brief and allotted one sentence to it in the reply brief: "Moreover, because the trial court's ruling with respect to disclosed agency rests on the same shaky ground as its ruling on qualified immunity – both flow of necessity from its finding that no bad faith was evident – it is indistinguishable from said ruling and is therefore also in error." That one sentence in a reply brief, let alone the failures to address the issue in the initial brief or list it as an issue in the prehearing statement, is not enough to preserve the circuit court's ruling on this issue for our

review. While the Zilbermans have certainly addressed the issue of bad faith based upon Ms. Taylor's actions, that does not excuse them from failing to raise this particular issue and preserve it for our review. Furthermore, the Zilbermans never addressed the fair notice issue as directed by this Court in the previous opinion or contested the circuit court's ruling that they had fair notice of Lochner's qualified official immunity defense.

Therefore, we agree with Lochner that the issues the Zilbermans raised are moot as the circuit court's judgment must be affirmed on alternate grounds that are not before this Court for review. Accordingly, we shall not address any of the arguments the Zilbermans raised in their brief, nor shall we consider the propriety of the circuit court's ruling as a whole.

For the foregoing reasons, the summary judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

C. Dodd Harris IV
Lee Harris Donahue
Louisville, Kentucky

BRIEF FOR APPELLEE H.W. LOCHNER, INC.:

Michael T. Davis
Lexington, Kentucky