RENDERED: JULY 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0990-MR

LAKE CUMBERLAND RESORT
COMMUNITY ASSOCIATION, INC.                                APPELLANT

APPEAL FROM PULASKI CIRCUIT COURT
v.          HONORABLE JERRY J. COX, JUDGE
ACTION NO. 17-CI-00960

JAMES E. CARTER; BONNIE S.
CARTER; AND FIDELITY BANK
D/B/A FIDELITY BANK MORTGAGE                                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND L. THOMPSON, JUDGES.

ACREE, JUDGE: Appellant, Lake Cumberland Resort Community Association,

Inc. (LCRCA), appeals the Pulaski Circuit Court order granting summary

judgment in favor of Appellees, the Carters. Having reviewed the record and

briefs, we affirm.

The briefs are rife with immaterial facts and inapposite legal arguments. Our focus shall be only on material facts and the application of law.

## BACKGROUND

When the Carters purchased their home, they became obligated to pay homeowners association (HOA) dues to Lake Cumberland Resort North Community Association (North). LCRCA, claiming to be North's successor-in-interest by virtue of a merger with North, sued the Carters to collect past dues and assessments.[1] The Carters filed an answer and counterclaim denying the complaint's relevant allegations and averring in the counterclaim that LCRCA was not North's successor-in-interest because the merger was an *ultra vires* act, an issue previously decided by the circuit court. The Carters also asserted the affirmative defense of accord and satisfaction. (Record (R.) 36-41.)

The counterclaim expressly avers: "The alleged merger was not in compliance with the covenants and restrictions of either [North] or [LCRCA] and was *ultra vires*, and therefore invalid and . . . has been adjudged to be *ultra vires* in previous litigation . . . but [LCRCA] continues to allege that it is the successor in interest to [North] in this litigation . . . ." (R. 38.) The referenced adjudication is

---

[1] The Carters had paid only partial dues and assessments based on their belief the HOA Board was failing to "abide by the by-laws; have a fair assessment of properties per the Covenants; follow the by-laws and send out a budget by mail at the first of the year. . . . As long as this [failure to abide by governing documents] continues, I will keep paying" an amount less than invoiced. (R. 229; Exhibit 7 to Memorandum in Support of Summary Judgment, p. 0052.)

found in *Kleman v. Lake Cumberland Resort Community Association, Inc.*, No. 2018-CA-000091-MR, 2019 WL 5861908 (Ky. App. Nov. 8, 2019).

The counterclaim also alleges LCRCA calculated assessments contrary to North's governing documents, improperly filed liens against them, thereby unlawfully clouding title to their property. (R. 38-39.) The relief the Carters sought was that LCRCA "be permanently enjoined from claiming to be the successor in interest to [North] . . . unless, and until, such assessments are calculated in accordance with the covenants and restrictions associated with [North] and . . . account for funds so collected." (R. 39.)

LCRCA's "Reply to Defendant's Counterclaim" denies the Carters' allegations of improperly calculated assessments; however, LCRCA expressly "admits . . . that the alleged merger was adjudged to be *ultra vires* . . . ." (R. 60.)

Critical to this review, LCRCA did not assert any affirmative defense. Specifically, LCRCA did not assert that the Carters should be estopped from claiming the merger was an *ultra vires* act. (R. 59-60.)

About two years after the action began, the Carters moved for summary judgment, offering two grounds: (1) LCRCA is not the successor-in-interest to North and therefore does not have a right to collect dues the Carters owe to North; and (2) under the doctrine of accord and satisfaction, the Carters owe no more than the dues they paid under protest, even to North. (R. 223.)

LCRCA responded by arguing the Carters should be estopped from alleging or presenting evidence the merger was *ultra vires* and that LCRCA lacks standing to sue them.  (R. 242-43.)  LCRCA also argued the Carters failed to establish the elements of accord and satisfaction.  (R. 243-44.)

The circuit court granted the Carters' motion, expressly holding that LCRCA could not argue estoppel because it waived that defense.  (R. 257, 259-60.)  The court further held that LCRCA "is bound by this [Pulaski Circuit] Court's finding in *Kleman*, that its merger with North is invalid and it cannot be its successor in interest in this matter."  (R. 259.)  The Carters also persuaded the circuit court on their claim of accord and satisfaction.  The court found no genuine issue regarding the material fact of the amounts the Carters paid under protest and "no evidence [LCRCA] disclaimed acceptance of a partial payment" offered by the Carters as an accord and satisfaction of their disputed dues.  (R. 258-60.)

LCRCA appeals the summary judgment.

## STANDARD OF REVIEW

"The standard of review on appeal when a trial court grants a motion for summary judgment is 'whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to

judgment as a matter of law.'" *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citations omitted); CR[2] 56.03.

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis*, 56 S.W.3d at 436.

## ANALYSIS

"Averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading . . . ." CR 8.04. In this case, LCRCA admitted the issue of its status as North's successor-in-interest was decided against it in *Kleman*. LCRCA is not North's successor-in-interest. That is not in dispute.

Because of the admission, there is little need to address the doctrine of issue preclusion. However, because the issues addressed in *Kleman* were focal points in the judgment, we will briefly address how issue preclusion applies here.

As said in *Yeoman v. Health Policy Board*:

Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical. The key inquiry in deciding whether the lawsuits concern the same controversy is whether they

---

[2] Kentucky Rules of Civil Procedure.

both arise from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action.

. . . The rule that issues which have been once litigated cannot be the subject matter of a later action is not only salutary, but necessary to the speedy and efficient administration of justice.

983 S.W.2d 459, 465 (Ky. 1998). Unlike claim preclusion, issue preclusion does not require identity of parties.

For issue preclusion to operate as a bar to further litigation, certain elements must be found to be present. First, the issue in the second case must be the same as the issue in the first case. *Restatement (Second) of Judgments* § 27 (1982). Second, the issue must have been actually litigated[.] *Id.* Third, even if an issue was actually litigated in a prior action, issue preclusion will not bar subsequent litigation unless the issue was actually decided in that action. *Id.* Fourth, for issue preclusion to operate as a bar, the decision on the issue in the prior action must have been necessary to the court's judgment. *Id.*

*Id.* The doctrine of issue preclusion applies here and establishes as a matter of law that LCRCA cannot pursue the collection action against the Carters. Any right to collect HOA dues from the Carters remains with North.

We are not persuaded by LCRCA's sole argument that the Carters should be estopped from arguing the merger was *ultra vires*. We reject the claim "estoppel was raised by LCRCA in early pleadings." (Appellant's brief, p. 4.)

-6-

Pleadings are defined in CR 7.01 and LCRCA's only pleadings in this case are its complaint and its reply to the counterclaim. Neither pleading raised estoppel.

We also turned to LCRCA's brief for direction "to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). LCRCA asserts "[t]his issue was preserved" in its own motion for summary judgment, citing that motion and the summary judgment under review. (Appellant's brief, p. 3 (citing R. 71-71; 256-261).) We do not find the issue preserved there.

However, we also examined LCRCA's response to the Carters' summary judgment motion. (R. 241-243.) There, LCRCA does make an estoppel argument. LCRCA there argued that, in *Kleman*, it:

> was successful and won at the circuit court level . . . affirmed by the Kentucky Court of Appeals . . . [because] the Klemans (property owners) were . . . "estopped from denying the existence of a corporation they have dealt with and recognized its authority on previous occasions." Kleman citing McGuire v. Bastain Blessing Co., 122 S.W.2d 513 (Ky. 1938). . . . Those facts in Kleman are very similar to those in the case at hand . . . .

(R. 243.) In effect, LCRCA says because the Klemans were estopped, so should the Carters be. Critical differences between these cases defeat the argument.

The Klemans did not file a counterclaim against LCRCA that, by rule, would have compelled an answer and assertion of affirmative defenses.[3] CR 7.01 ("There shall be . . . a reply to counterclaim."). Thus, LCRCA was not required to file a "pleading to a preceding pleading," CR 8.03, the "averments of [the] answer st[oo]d automatically controverted[,]" CR 8.04, and the Klemans' averment in the answer of the *ultra vires* act was taken as denied or avoided as a matter of the rules. *Daniel v. Turner*, 320 S.W.2d 135, 137 (Ky. 1959) (citing CR 7.01 and 8.04 ("Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.")); *see also Dep't of Highways v. Robbins*, 421 S.W.2d 820, 822 (Ky. 1967) (as to "allegations of the answer . . . [n]o reply was necessary. CR 7.01. The averments of the answer stood denied. CR 8.04").

In fact, without court permission, LCRCA was prohibited in *Kleman* from replying to the averment of an *ultra vires* act. CR 7.01 ("No other pleading shall be allowed . . . ."). Consequently, LCRCA never waived estoppel in *Kleman*, proof of estoppel was allowed at trial, the circuit court found the elements of estoppel present and permitted "amending the LCRCA's pleadings to allow

---

[3] The opinion shows a third-party lender asserted a cross-claim against the Klemans and they counterclaimed against the lender. *Kleman*, 2019 WL 5861908, at *1 n.1. The Klemans filed only an answer to LCRCA's complaint and not a counterclaim as the Carters filed in this case.

LCRCA to assert the estoppel claim"; *i.e.*, "to conform to the evidence presented at trial. CR 15.02." *Kleman*, 2019 WL 5861908, at *3. None of that occurred here.

In this case, the circuit court held that LCRCA "fail[ed] to either plead equitable estoppel . . . or assert *any* evidence indicating equitable estoppel in its opposition to the Motion for Summary Judgment." (R. 259) (emphasis original). We focus on LCRCA's failure to plead equitable estoppel because that moots any argument by LCRCA that evidence of record supports the defense it waived.

The Carters filed a counterclaim against LCRCA and, under our Civil Rules, a responsive pleading was required or a default judgment could have been entered. CR 55.01. Such required responsive pleadings must comply with the rules of pleading, including that such required "pleading to a preceding pleading . . . shall set forth affirmatively" the defenses identified in the rule, including "estoppel, . . . and any other matter constituting an avoidance or affirmative defense." CR 8.03; *see* CR 8.04. These affirmative defenses, and specifically LCRCA's estoppel defense here, "must be set forth by pleading . . . ; otherwise, they are waived." *Vogler v. Salem Primitive Baptist Church*, 415 S.W.2d 72, 74 (Ky. 1967); *Am. Founders Bank, Inc. v. Moden Inv., LLC*, 432 S.W.3d 715, 722 (Ky. App. 2014) ("party's failure to timely assert an affirmative defense waives that defense . . . , *unless* the circuit court allowed it to be presented later").

This Court's *de novo* review of this issue alone is enough to affirm the summary judgment. There is no genuine issue regarding the following material facts: (1) the only agreement binding the Carters to pay HOA dues and assessments was their original agreement with North; and (2) North's merger with LCRCA was an *ultra vires* act that did not have the legal effect of entitling LCRCA to enforce North's contract with the Carters; *i.e.*, LCRCA is not North's successor-in-interest. The circuit court needed no other material facts to make a legal ruling.

Based on the foregoing analysis, there is no reason to discuss the extent to which the Klemans' and the Carters' circumstances were similar or different from one another. Because of this case's starkly different procedural posture, and because LCRCA admits the *ultra vires* act in its reply to the counterclaim, *Kleman* is all but irrelevant here.

Because LCRCA had no right to bring the collection action against the Carters, there is no need to address its challenge to the circuit court's ruling regarding the Carters' accord and satisfaction claim.

## CONCLUSION

We affirm the Pulaski Circuit Court's July 13, 2020 summary judgment and its orders enjoining LCRCA as set forth in that summary judgment. (R. 260-61.)

-10-

ALL CONCUR.


BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEES:

Joseph F. Grimme            Tommie L. Weatherly
Fort Thomas, Kentucky      London, Kentucky